## MICHAEL JOYCE v. WILLARD R. HOLBROOK AND C. W. ANDREWS.

An application in supplementary proceedings for an order requiring the judgment debtor to apply property or money, disclosed by his examination, to the payment of the judgment, is addressed to the discretion of the judge before whom the proceeding is pending.

So also is an application to commit for contempt for disobedience of the order supplementary to the execution.

No appeal lies from an order denying such applications.

Joyce v. Holbrook.

The proceeding to compel the debtor to apply specific money or property to the satisfaction of the judgment is a summary one, and whenever a doubt exists as to the possession and ownership of either the property or money, the creditor should be left to enforce his remedy through a receiver, or by levy under execution.

APPEAL by plaintiff from two orders in proceedings supplementary to execution. The defendant Holbrook having been examined in supplementary proceedings before Judge HILTON, an application was made, at the close of the examination, for an order directing the application of certain moneys alleged to be in bank to his credit, and also for an order punishing him for contempt for an alleged disobedience of the injunction contained in the order supplementary to execution. Both motions were denied, and the plaintiff appealed.

*John O'Rourke,* for the appellant.

*Ward & Doolittle,* for the respondents.

By the Court, BRADY, J.—The plaintiff, assuming that the defendant Holbrook, on examination upon proceedings supplementary to execution, had disclosed that he had money and property in his hands belonging to himself, and that he had violated the order supplementary by disposing thereof, applied to Judge HILTON for orders to compel the application of such money and property towards the satisfaction of the judgment, and for an attachment to punish the contempt committed by disobedience to the order supplementary, as above stated. Judge HILTON denied both applications. The plaintiff appeals. The answer to both appeals is the same, namely, that the order directing the application of property and money to the payment of a judgment, and punish for contempt, are entirely discretionary. Sections 297 and 302 provide that the judge may order the application, and may punish for contempt; and, although there are statutes in which the word "may" is to be construed as "must," this is not one. A large degree of discretion must be exercised on all applications to require the appropriation of money and prop-

erty by a judgment debtor, and there are many instances in which that discretion would be oppressively employed if the debtor were compelled to surrender property or money which seemed not to be exempt from execution. The proceeding is a summary one, and, wherever a doubt exists of the possession and ownership of either property or money, the creditor should enforce his remedy through the receiver, or by levy under execution. Whether the creditor should be left to take this course, is one of the considerations to be entertained in determining whether the application should be granted, with a multitude of others, which vary in each case both in number and importance. And so, in regard to punishing for contempt, the right, as a matter of discretion, to refuse to inflict the punishment cannot be well doubted, nor can there be any difference of opinion upon the impropriety of reviewing a discretion exercised in such a manner. This view renders it unnecessary to consider the appeals upon the merits; but, were it otherwise, it could be demonstrated that the discretion was justly exercised.

Appeals dismissed, with costs.