## SUPREME COURT.

AMASA S. FOSTER agt. WM. R. PRINCE, and others.

Where execution was issued to the county of Queens, where the judgment-debtors resided, and returned unsatisfied,

*Held*, that a justice of this court in the city and county of New-York had *jurisdiction*, under section 294 of the Code, to make an order compelling a debtor to the judgment debtors, residing in the city of New-York, on examination, to apply the property of the judgment-debtors in his hands or make payment of the debt to the judgment-creditor upon his judgment. (*See* 12 *How.* 136; *id.* 359; 4 *Sand.* 640.)

*New - York General Term, June,* 1859.

APPEAL from an order in supplementary proceedings.

Foster agt. Prince.

· By the court—Roosevelt, Justice. Foster, the plaintiff, having obtained a judgment against the Messrs. Prince, residing at Flushing, in Queens county, upon which an execution to that county had afterward been returned unsatisfied, took steps to compel the application of a balance standing to the credit of one of the defendants, in the Fulton Bank of New-York, to the satisfaction of the demand.

On the 22d of November, one of the judges of this court accordingly made an order requiring the cashier of the bank to appear before him in this city, to be examined concerning the alleged balance of the defendant, and enjoining the bank in the mean while from parting with, or otherwise disposing of the fund. Upon the examination, on the 30th of the same month, another order was made directing the bank to pay over the balance to the judgment-creditor.

The defendants, the judgment-debtors, now contend that this order was a nullity; that as they resided in Queens county, although the bank was in New-York, the judge in the first district had no jurisdiction. No objection is made on the part of the bank. All that the bank requires is protection against any double demand. And as to the judgment-debtors, the point raised by them, it will be seen, is merely technical; for no man can doubt the justice of compelling a debtor, residing in Queens, to pay his debts out of a balance of his credit in bank, even though the banking house should be in New-York.

The question raised turns on the true interpretation of the Code, the 292d and 294th sections of which provide that, in a case like the present, the judgment-creditor is entitled to an order from "*a judge of the court*," compelling the debtor to appear and answer before him within the county where the debtor resides, touching his property, and also to an order requiring any debtor to the judgment debtor to appear and answer at a specified time and place, concerning such debt. The judgment-debtor is to appear in the particular county, but the debtor to the judgment-debtor is to appear "at a *specified* place;" meaning, of course, a place to be specified by the judge,

who would naturally select a place, other things being equal, most convenient to the person to be examined, and not necessarily to the judgment-debtor. It is right to do so, and its fitness, also, is shown by the provision which dispenses with any attendance in such case, as matter of right or obligation, of the udgment-debtor on the examination of said third party. I allude to the clause in section 294, which declares that " the judge (meaning ' a judge of the court,' that is any judge of the supreme court), may also, *in his discretion*, require notice of such proceeding to be given to any *party to the action*, in such manner as may seem to him proper."

As, then, the party to the action has no absolute right to notice of the time and place of examining his debtor, he, of course, cannot except to the selection.

This view of the true meaning of the Code is further confirmed by the 293d section, which declares that, " after the issuing of execution against property, any person indebted to the judgment-debtor, may pay to the sheriff the amount of his debt, or so much as shall be necessary to satisfy the execution, and the sheriff's receipt shall be a sufficient discharge for the amount so paid." No consent, it will be perceived, is required on the part of the judgment-debtor, nor any notice to enable him, if so disposed, to prevent the application of that, which is due to him from one person, to the payment of that which is due *by* him to another. If, then, his debtor, without his consent, may pay voluntarily, how can he complain that, his debtor, without his consent, has paid under the sanction of the judge ?

As the defendants, whatever may be said in respect of the bank, are not aggrieved, they cannot complain, and their appeal, of course, should be dismissed.

Appeal dismissed with costs.