LATHROP and others VS. SNYDER.
WELLS VS. SNYDER.

Subdivision 4 of section 27, chap. 132, R. S., which authorizes the clerk to enter judgment on the application of the plaintiff in certain actions, for the amount admitted by the answer to be due, is a valid enactment.

In an action upon a note payable in this state with exchange on New York, where the complaint claimed exchange at a certain rate, and the answer denied the rate, but admitted the making and non-payment of the note, and set up a counter-claim: *Held*, that the plaintiff might have judgment entered by the clerk for the excess of his claim, *omitting exchange*, over the counter-claim.

It was not error for the court to refuse to set aside such a judgment on the ground that it was signed in the name of the clerk, "per S****"; that no judgment roll had been filed or made up; or that there was a *slight* error in the amount for which judgment was entered.

Nor was it error for the court to refuse to set aside the execution in such a case on the ground that the only term of said court that intervened between the entry of judgment and the issue of such execution, commenced less than eight days after the judgment was entered.

APPEAL from the Circuit Court for *Pierce* county.

The action first named was on a promissory note executed by the defendant to the plaintiffs, at the city of New York, September 10, 1860, for $1561.03, payable six months after date, at the City Bank of Prescott in this state, with the current rate of exchange on New York. The complaint alleges that when the note fell due, the rate of exchange between Prescott and New York was five per cent. in favor of the latter, and demands judgment accordingly. The answer admits the making of the note under the circumstances and for the consideration thereinafter mentioned; and alleges that at the time of such making the plaintiffs, at New York, sold the defendant a quantity of dry goods, which they agreed to safely pack and forward to the defendant at Prescott; that they failed to forward a part of said goods, to the value of $35.47; and that they forwarded the remainder so unsafely packed that they were greatly injured, to the defendant's damage $47.63. The answer demands that " the above mentioned sums may be set off against any sum that the plaintiffs may show against

the defendant on the trial of the cause;" and denies all the allegations of the complaint not specifically admitted. Upon the filing of the answer, the plaintiffs gave notice to the defendant's attorneys that they would apply to the clerk of said court for judgment for $1478.50, with interest from March 18, 1861, as the amount admitted by the answer to be due. On the 21st of May, 1861, judgment was entered, in the following form, after the title: " It appearing by the answer of the defendant in the above entitled cause, that the sum of $1478.50 of the above named plaintiffs' claim, set forth in the complaint herein, is admitted, after deducting the counter-claim set up in said answer as such, the amount of such counter-claim being $83.10, and there being no other defense to the action, and application having been made for judgment * * * it is ordered and adjudged that the above named plaintiffs recover of the said defendant the sum of $1497.32 damages, and $74.80 costs," &c. (Signed) "SMITH R. GUNN, Clerk circuit court, Per SMITH." It appears that a general term of said court was held on the 27th of May, 1861. On the 14th of June an execution was issued upon the judgment. The defendant, at a special term of said court in July following, moved to set aside the judgment upon the following grounds: 1. That the pleadings make an issue of fact which was not determined. 2. That no proof was offered upon which such judgment could be given. 3. That the judgment was for a larger amount than was admitted by the answer to be due, and larger than was found due by the clerk. 4. That the judgment was not entered by the clerk. 5. That no judgment roll had been made up or filed in the cause before execution issued, or subsequently. 6. That said execution was issued before the expiration of a term of said court, at which a motion could be made to set the judgment aside. The defendant filed with the motion an affidavit showing that no judgment roll had been filed. Motion denied; from which decision the defendant appealed.

The second action named was similar to the first, and the appeal taken for the same reasons.

*White & Jay*, for appellant:

1. Subdivision 4, sec. 27, chap. 132, R. S., is in conflict with sec. 2, art. VII of the constitution of this state. It requires the clerk to adjudge that the answer contains no other defense than the counter-claim, and also to adjudge how much of the complaint is admitted, and what amount of counter-claim is legally set up. 2. The complaint alleges the rate of exchange at the time and place fixed for payment of the note to have been five per cent., and this is denied by the answer, making an issue yet undisposed of. 3. Only $1,478.50 is found admitted, and judgment is entered for $1,497.32. 4. The judgment does not appear to have been entered by the clerk, but by one Smith. 5. The execution could not legally issue until judgment was entered (R. S., chap. 134, sec. 1); and that could not be done until the judgment roll was filed. Chap. 132, sec. 36. Nor could the execution issue until after the expiration of a term at which a motion could have been made to set the judgment aside. R . S., chap. 132, sec. 27, subds. 1 and 4.

*Dawson & Clapp*, for respondents :

1. As to the power of the clerk to enter the judgment, see *Blaikie v. Griswold*, 10 Wis., 299 ; *Wells v. Morton*, id., 468 ; *Moyer v. Cook*, 12 id., 335. 2. By our computation the amount of principal admitted by the answer to be due is less by *fifty-three cents* than the sum stated in the recital at the beginning of the judgment, while on the other hand the interest is underestimated in the judgment to the amount of *thirty-three cents*. But this mistake in calculation is too trivial to be assigned for error. 3. A deputy clerk has power to sign judgments. R. S., chap. 13, sec. 68 ; *Sexton v. Rhames*, 13 Wis., 99. A court takes judicial notice of the signatures of its own officers, and of their being such. 1 Hill, 154, 161 ; 27 Ala., 17 ; 5 How. Pr. R., 341 ; 9 Cal., 315 ; 1 Greenl. Ev., § 6. 4. The fact that the judgment roll was not made up will not in-

Lathrop and others vs. Snyder.

validate the judgment. 13 Wis., 99. 5. The clerk is required
to enter the judgment in a judgment book without reference
to the making up and filing of a judgment roll. R. S., chap.
132, secs. 34, 35. And execution issues upon the judgment
thus entered. Chap. 134, sec. 1. 6. The execution was not
issued until after a general term of the court, at which the
judgment might have been set aside if cause had been shown.
Chap. 132, sec. 27, subd. 1. It is said that there were not
eight days between the time of entering up the judgment and
the first day of said term, so that it was too late to notice such
a motion. But on a rule to show cause why the judgment
should not be set aside, the time might have been shortened.

*By the Court*, COLE, J. These actions were brought upon
promissory notes. In each case the defendant below admitted
the execution of the notes, and that the amounts therein stated
were due, after deducting the counter-claims mentioned in the
answers. The plaintiffs then made application to the clerk to
enter judgments for the amounts so admitted to be due after
deducting the counter-claims, in conformity to the practice
prescribed in subdivision 4, sec. 27, chap. 132, R. S. It is
claimed that this provision of law is invalid, because it at-
tempts to confer upon the clerk judicial power vested only in
courts.

This point has been decided adversely to the defendant in
several cases which have come before this court, and the prac-
tice here adopted has been sustained. *Blaikie v. Griswold*, 10
Wis., 294; *Wells v. Morton*, id., 468. No good reason was
shown in the court below for setting aside the judgments, and
the applications for that purpose were properly denied.

The orders of the circuit court are affirmed, with costs.