Hon. Moses J. Liddell, ⎭

Lewis Sperling, respondent, v. White Calfee, defendant, T. J. Lynde & Company and Bozeman Lumber Company, garnishees and appellants.

*Proceedings supplementary to execution — Execution upon orders — Creditor's bill — Orders at chambers.* — An execution was issued on a judgment in favor of the respondent against Calfee. A notice of garnishment was served on Lynde & Co., as debtors of Calfee; and they answered that they had no property unless upon a settlement they were indebted to him. A referee was appointed to ascertain what amount, if anything, they owed Calfee, and his report filed showed that at the date of the garnishment said firm was indebted to Calfee in the sum of four thousand five hundred dollars, which amount the court ordered should be applied on the said judgment, or that execution should issue therefor against the said firm, or Lynde, a member thereof, in the event that no satisfaction of the same could be realized from the firm. Execution was issued on the said order, and a notice of garnishment served on Nesbitt as secretary of the Bozeman Lumber Company, and the Gallatin Mill Company. Nesbitt failed to furnish a statement as to any indebt-

edness of said corporation to Lynde & Co., or Lynde himself, or their having possession of any assets belonging to them, and the execution was returned unsatisfied. An affidavit was filed, setting forth that the said corporation had in their possession assets belonging to Lynde & Co. and Lynde, and that said assets were being fraudulently concealed; and the affiant asked that an order for the examination of Nesbitt, Lynde, and one Flanders be granted by the court in the premises. Such an order was made, and the said parties appeared on the day specified therein before the judge of the district court at chambers. The judge in chambers having overruled a motion to vacate the order, and through a referee appointed, having found the facts, ordered, in accordance therewith, that the Bozeman Lumber Company pay on the judgment against Calfee the amount of its indebtedness to Lynde & Co., the sum of $3,334.20, and that said corporation and the Gallatin Mill Company transfer to the sheriff, to be sold, and the proceeds applied on said judgment, certain shares of Lynde in their capital stock. From said last order, and the order for the examination of Nesbitt, Lynde, and Flanders, Lynde & Co. and the Bozeman Lumber Company appealed. Neither Nesbitt nor the corporation he represented had ever been served with a copy of the execution in the case against Calfee, or a notice of garnishment thereunder. *Held,* that the execution issued on the order to Lynde & Co., to pay the sum of four thousand five hundred dollars, had the same force as an execution upon a judgment, under section 486, division 1, Compiled Statutes; that the writ of execution, and the proceedings supplementary thereto provided by the statutes of the territory, admit of many things being lawfully done thereunder which are not authorized under the writ of attachment; and that the process in chancery known as a creditor's bill, to reach concealed or remote property of a judgment debtor, has been mainly or wholly superseded by the proceedings supplementary to execution of the code. *Held, also,* that the orders appealed from were in strict compliance with the provisions of the statute.

APPEAL. — *Orders when reviewable.* — Under section 422, division 1, Compiled Statutes, an order of the lower court is not reviewable on appeal unless it is specifically referred to in the notice of appeal.

*Judgments entered by clerk.* — *Held,* that the judgment by default against Calfee entered by the clerk of the court in vacation was valid.

*Report of referee — Findings presumed.* — The reports of the referee appointed to take testimony in the case at bar, and upon which certain orders were based, were not in the record on appeal. *Held,* that it will be presumed that all facts necessary to support the said orders were duly found by the court or judge making the same.

*Appeal from the District Court, Gallatin County.*

LUCE & LUCE, and F. K. ARMSTRONG, for the appellants.

The judgment entered by the clerk in vacation was invalid, the statute authorizing it being unconstitu-

tional. Secs. 1851, 1907, U. S. Rev. Stats.; *Attorney-General* v. *McDonald*, 3 Wis. 705–707; *Gough* v. *Dorsey*, 27 Wis. 119–131; *Ferris* v. *Higley*, 20 Wall. 375, 384–385; *Mayberry* v. *Kelly*, 1 Kan. 116; *People* v. *Dukell*, 1 Idaho, 44; *More* v. *Kowbly*, 1 Idaho, 55; *Dunphy* v. *Kleimschmidt*, 11 Wall. 610; *Thorp* v. *Woolman*, 1 Mont. 16. We are aware that in California and other states judgments entered by clerks on default in certain cases are valid; but in such states there is no restriction on the legislative power. Freeman on Judgments, sec. 129; *Providence Tool Co.* v. *Prader*, 32 Cal. 634, 637; *Kelly* v. *Van Austin*, 17 Cal. 565. Judicial power is the authority, not only to decide, but to make binding rules or judgments. Hawes on Jurisdiction, sec. 4; *Underwood* v. *McDuffee*, 15 Mich. 368; *Shumway* v. *Bennett*, 29 Mich. 452. The rendition of a judgment is a judicial act, and a law that authorizes the clerk of a court, who is only a ministerial officer, to render a judgment in vacation by default, is invalid. Hawes on Jurisdiction, sec. 4, p. 6; *Hall* v. *Marks*, 34 Ill. 362; *Ward* v. *Farwell*, 77 Ill. 602; *Milwaukee* v. *Supervisors*, 40 Wis. 331; *Chandler* v. *Nash*, 5 Mich. 415; *Allor* v. *Wayne Co.*, 43 Mich. 94. But if the said judgment by default were valid, the proceedings against these appellants are void. The proceedings against Lynde & Co. were had upon the return of the execution issued March 14, 1887. The order and judgment of April 22, 1887, against them was made as upon proceedings in garnishment upon attachment, as shown by the said return of the execution of March 14, 1887. The order or judgment, so called, therefore has for its authority sections 186–190, page 74, section 308, page 99, and section 320, page 102, of the Revised Statutes of Montana.

It therefore follows that the so-called judgment was erroneous, and that the said T. J. Lynde or Lynde & Co. are not judgment debtors within the meaning of chapter

2, title 9, pages 107, 103, of the Revised Statutes of Montana.

The court may make an order for the delivery of property to the plaintiff (sec. 188, p. 74), and debts and credits attached by the sheriff may be collected by him (sec. 190, p. 75, sec. 320).

The court therefore erred in entering beyond the proper order said judgment against Lynde & Co. and Lynde,—1. Because the original judgment was void; 2. Because there is no authority of law to enter the same, the court in such proceedings being limited to the making of an order for delivery of attached property to the sheriff.

Garnishment cannot be extended in its operation beyond the mere matter of reaching the property or effects of the defendant in the action,—in this case, the property or effects of White Calfee.

There is not any authority, even in chancery, to attach the debt due a debtor of the defendant. Drake on Attachments, sec. 454; *Wolf* v. *Tappan*, 5 Dana, 361; *Jones* v. *Huntington*, 9 Mo. 249. The order overruling the motion and the order of August 1, 1887, are strictly judicial, and can only be made by the court.

The distinction between a judge, as such, and a court is instantly perceptible.

We have seen that, by section 1907, United States Revised Statutes, "the judicial power" is vested, so far as this case is concerned, in the district court, and that any act undertaking to make it otherwise is void.

It has been held that proceedings similar to those provided by the statute of Montana, supplementary to execution, are a substitute for the old creditor's bill in chancery. *Adams* v. *Hackett*, 7 Cal. 201.

And such proceedings are purely judicial. *McCullough* v. *Clark*, 41 Cal. 298; *Bank* v. *Robinson*, 57 Cal. 520. The judge could not make such final decree as that of August

1, 1887, at chambers. The judge in such a case is not a court. *S. C. Water Co.* v. *Vallejo,* 48 Cal. 72; Freeman on Judgments, sec. 121; *Staab* v. *A. & P. R. R. Co.,* 9 Pac. Rep. 381.

Section 339, page 107, Revised Statutes of Montana, provides in express terms that, on the order of the judge requiring the judgment debtor to appear and answer, such proceedings shall be had as are provided on return of execution; that is to say, such proceedings as are had under a creditor's bill to compel satisfaction of a judgment by a reluctant judgment debtor. The act is contradictory in its terms; for the proceedings it authorizes are such as can be had only in court, while, on the other hand, it makes provisions for conducting such proceedings before a judge or referee at any time. And, moreover, it is flatly opposed to section 684, page 168, providing what may be done by a judge in vacation.

HENRY N. BLAKE, and WADE, TOOLE, & WALLACE, for the respondent.

If it is conceded that the garnishees can attack the judgment entered by the clerk in this case, respondent claims that all the authorities hold that this officer acts ministerially in entering a judgment by default. The question does not depend upon the constitution of a state or the organic act of a territory, but upon the nature of this duty, which every case decides to be non-judicial. The legislature of Montana has not devolved upon the clerk in this matter judicial power. Freeman on Judgments, secs. 129, 533; *Graydon* v. *Thomas,* 3 Or. 250, 251; *Kelly* v. *Van Austin,* 17 Cal. 564; *Willson* v. *Cleaveland,* 30 Cal. 192; *Bond* v. *Pacheco,* 30 Cal. 530; *Providence Tool Co.* v. *Prader,* 32 Cal. 634, 637; *People* v. *De Carrillo,* 35 Cal. 37, 40. The clerk is authorized to insert the amount of the costs in a judgment, and this court has adjudged the act to be ministerial. *Orr* v. *Haskell,* 2

Mont. 350, 353. The statute of the territory conferring the power to enter a default upon the clerk is valid until disapproved by Congress. *Bank* v. *Iowa*, 12 How. 1.

The practice and modes of procedure of territorial courts have been left by Congress to the territorial legislatures. *Hornbuckle* v. *Toombs*, 18 Wall. 648, 655; *Leitensdorfer* v. *Webb*, 20 How. 176, 182. The order of April 22, 1887, is not before the court for review, as it is not mentioned in the notice of appeal. Code Civ. Proc., sec. 422; *Genella* v. *Relyea*, 32 Cal. 159. The orders appealed from were properly made by the judge in chambers. Code Civ. Proc., secs. 704, 190, 350, 351, 353–357; Freeman on Executions, sec. 397; *Hayner* v. *James*, 17 N. Y. 316, 331.

Respondent claims that the order made by the court, April 22, 1887, not having been appealed from, is a final adjudication of the matters involved therein, so far as it affects the rights of the appellants, even if it be erroneous or irregular. *McCullough* v. *Clark*, 41 Cal. 298; *Langdon* v. *Raiford*, 20 Ala. 532, 539; *Earl* v. *Matheney*, 60 Ind. 202, 204; *Webster* v. *Lowell*, 2 Allen, 123; *Brown* v. *Dudley*, 33 N. H. 511, 515; *Wigwall* v. *Union C. & M. Co.*, 37 Iowa, 129; *Oppenheim* v. *Pittsburg R. U. Co.*, 85 Ind. 471, 476; *Rudolph* v. *McDonald*, 6 Neb. 163, 166; *Woods* v. *Milford Institution*, 58 N. H. 184; *Howard* v. *McLaughlin*, 98 Pa. St. 440, 443; *Wilson* v. *Burney*, 8 Neb. 39, 42.

The garnishees are protected if they pay the sums specified in the orders, or deliver the property mentioned. Freeman on Judgments, sec. 167; Herman on Estoppel, 312, 313; Drake on Attachments, secs. 697, 706; see also cases already cited. Respondent concedes that proceedings supplementary to execution were intended as a substitute for a creditor's bill in chancery. *Pacific Bank* v. *Robinson*, 57 Cal. 522. The Code of Civil Procedure provides that "the courts and judges thereof shall have power to issue all writs necessary and proper to the complete exercise of the power

conferrred on them by the constitution, organic act, and laws of this territory. Code Civ. Proc., sec. 702; see also sec. 486. *Grew* v. *Breed*, 12 Met. 363, construes a similar statute

## STATEMENT.

Plaintiff commenced his action December 9, 1886, and summons was duly served upon defendant, who made default, whereupon judgment was made and entered by the clerk in vacation, upon the application of plaintiff, January 3, 1887, for $7,069.70, and costs.

On March 14, 1887, execution issued on this judgment, and was returned by the sheriff April 11, 1887, the return showing service thereof and notice of garnishment upon T. J. Lynde, one of the members of the firm of Lynde & Co., and the answer of T. J. Lynde for Lvnde & Co.

On April 12, 1887, the court, on motion of the plaintiff, made and entered an order requiring said T. J. Lynde to appear before a referee and answer concerning any property of said defendant which T. J. Lynde or the firm of Lynde & Co. might have, or as to any indebtedness or accounts existing between said Lynde or Lynde & Co. and defendant, etc.

On consideration of the report of the referee, the court, on April 22, 1887, made and entered an order against T. J. Lynde and Howard M. Holden, as partners as Lynde & Co., garnishees, to pay to the plaintiff or his attorneys the sum of four thousand five hundred dollars and the referee's costs, and in the same instrument adjudged the plaintiff to be entitled to execution against the joint property of said Lynde & Co. and the separate property of said T. J. Lynde, for the satisfaction of said sum, costs, and interest.

Upon this order, an execution was issued against Lynde & Co. and T. J. Lynde on May 16, 1887, and was returned by order of the plaintiff on May 31, 1887. The

sheriff's return shows that, by order of plaintiff's attorney, "a notice of levy or attachment" was served "on Frank J. Nesbitt, secretary and general manager of the Bozeman Lumber Company," and also a similar notice on " Frank J. Nesbitt, secretary of the Gallatin Mill Company," setting forth what said notice contained, and said Nesbitt was also notified not to pay over or transfer any of the property mentioned in the return to any öne but the sheriff.

On May 31, 1887, William A. Imes, as receiver of the plaintiff, filed his affidavit and application for an order, requiring Theodore J. Lynde, George W. Flanders, and Frank J. Nesbitt, to appear before the judge of said court on the second day of June, 1887, to answer concerning certain property mentioned in said affidavit.

The judge at chambers, without notice to appellants and upon the above-mentioned application and affidavit, on May 30 or May 31, 1887, made an order requiring said Lynde, Flanders, and Nesbitt to appear before the judge at chambers on June 2, 1887, to answer concerning the matters set out in said affidavit, which order was served by the sheriff June 1, 1887.

On June 2, 1887, said garnishees, Lynde, Nesbitt, and Lynde & Co., filed their motion to vacate said order, on the ground that the court had no jurisdiction, and on other grounds specified in the order.

This motion was overruled some time between the date of its filing and August 1, 1887; but no record or entry of any order overruling the same nor any written order was made.

On the first day of August, 1887, the judge at chambers, upon the report of a referee theretofore appointed, made an order requiring the Bozeman Lumber Company to pay over to William A. Imes, receiver of the plaintiff, the sum of $3,334.20, and said Lynde to transfer to the sheriff one fifth of the capital stock of the Bozeman

Lumber Company, and eleven shares of the Gallatin Mill Company, and directing the sheriff to sell said stock and shares and to pay to said receiver the proceeds remaining after paying costs and charges.

Thereafter, the appellants served and filed notice of appeal, and filed the required undertakings, and made deposit for security on appeal, as provided by law.

DE WOLFE, J.   The plaintiff sued the defendant in the district court of Gallatin County, and obtained judgment against him by default January 3, 1887, for the sum of $7,069.70, and costs.   On March 14, 1887, execution was issued on this judgment, and a notice of garnishment or levy was served on T. J. Lynde for T. J. Lynde & Co., as debtors to White Calfee.   On April 9th, T. J. Lynde, on behalf of his firm, made answer that they had no property in their hands belonging to Calfee, unless, upon a settlement, they were indebted to him, and that he could not state what, if anything, this would be.   On April 12, 1887, the court made an order requiring Lynde & Co. to answer to J. P. Martin, appointed by the court as referee in said cause, to ascertain the amount due, if any, from Lynde & Co. to Calfee.   Afterwards, on April 22th, upon the report of the referee, the court found that, at the time the levy or garnishment was served on them, they were indebted to said plaintiff, as surviving partner of the late firm of Strasberger & Sperling, in the sum of four thousand five hundred dollars, which was the amount of the indebtedness of Lynde & Co. to White Calfee, and ordered said sum of four thousand five hundred dollars to be applied on the judgment obtained by plaintiff against defendant; and if not paid, the court ordered execution to issue against the property of Lynde & Co. for said amount, and if no joint property could be found to satisfy said indebtedness of four thousand five hundred dollars, then execution to issue against the separate property of T. J. Lynde.   Execution was issued

on said order on May 16, and returned May 31, 1887.
The return of the sheriff showing that, by order of plain-
tiff's attorney, he served a notice of levy or attachment
on Frank J. Nesbitt, secretary and general manager of
the Bozeman Lumber Company, and also upon said Nes-
bitt as secretary of the Gallatin Mill Company, notifying
him that all right, title, and interest of T. J. Lynde and
Howard M. Holden, copartners under the firm name of
T. J. Lynde & Co., and all stocks and shares, and in-
terest in stocks or shares, in either of the above-named
companies or corporations, and all moneys, goods, credits,
effects, debts due or owing, or any other property in the
possession or under the control of either of said com-
panies or corporations, and belonging to said defendants,
or to the said T. J. Lynde individually, were levied upon
or attached, and the said secretary notified not to pay
over the same to any one but himself.  He also demanded
a statement from said Nesbitt as to the property of Lynde
& Co. and T. J. Lynde, in the possession of said com-
panies, but he failed to furnish such statement.    Also,
that he failed to find any property belonging to T. J.
Lynde individually, to satisfy said judgment, and there-
upon returned the same unsatisfied.    On the day of the
return of this execution, William A. Imes, as the receiver
of the plaintiff, filed an affidavit, reciting consecutively
the foregoing facts, and the successive steps taken to
satisfy said judgment, and then alleged that the firm of
T. J. Lynde & Co. had property not exempt by law from
execution amounting to ten thousand dollars, and debts
and accounts due and owing amounting to over fifty
thousand dollars, and that they refused to apply said
property to the satisfaction of the judgment; and also
alleged that said property was in the hands of two com-
panies, being the Bozeman Lumber Company and the
Gallatin Mill Company; that said property was, by T. J.
Lynde & Co., placed in the hands of said companies for

the purpose of defrauding creditors, and to defeat the judgment rendered in the proceedings in this action against them; and asked an order for the examination of T. J. Lynde, G. W. Flanders, and Frank Nesbitt concerning said property in the hands of the corporations mentioned, and also restraining the agents of said corporations from transferring or interfering with said property, pending the investigatiom. This order the court made, and it cited said persons to appear on the second day of June to answer concerning the property. The parties appeared before the judge at chambers, at the date named in the order, and made a motion to vacate the order for examination, on several grounds: 1. Want of jurisdiction to determine the case at chambers; 2. The papers in the cause do not show that the plaintiff has exhausted his legal remedies in the collection of said judgment by execution; 3. T. J. Lynde and Lynde & Co. have been examined as garnishees in said cause; 4. F. Nesbit cannot properly be examined concerning his business relations personally, or as agent of said corporations, with T. J. Lynde, or Lynde & Co.; 5. F. Nesbitt has never been garnished or summoned to appear and answer concerning his liability, or the liability of any company or corporation with which he is connected, to White Calfee. The court overruled the motion to vacate the order, and on the same day, on the report of the referee, found that, at the date of the judgment, the Bozeman Lumber Company had in its hands, belonging to the firm of Lynde & Co., the sum of $3,334.20, which had not been paid to said firm, and ordered that said company pay to William A. Imes, the receiver of plaintiff, said sum owing by them to Lynde & Co. The court also found, by the report of the referee, that T. J. Lynde was the owner and holder of one fifth of the capital stock of the Bozeman Lumber Company, and the owner of eleven shares of the capital stock of the Gallatin

Mill Company, which he offered in his testimony to turn
over to whomsoever the judge of the court should direct.
The court or judge further ordered that said T. J. Lynde
transfer and deliver the same to the sheriff of Gallatin
County, who should proceed to sell the same according
to law of the sale of personal property on execution, and
out of the proceeds thereof, after paying the costs and
charges of such sale, pay to William A. Imes, the re-
ceiver of plaintiff, to the satisfaction of the judgment
herein, the sum of four thousand five hundred dollars.
From said order, and the order of said court made .May
30, 1887, requiring Frank Nesbitt, T. J. Lynde, and
George W. Flanders to appear and answer concerning
certain property, and the indebtedness of said corpora-
tions to T. J. Lynde and T. J. Lynde & Co., this appeal
is prosecuted by T. J. Lynde & Co. and the Bozeman
Lumber Company

Calfee, the judgment debtor, does not appeal; nor does
the Gallatin Mill Company; nor does the appeal of
Lynde & Co. or the Bozeman Lumber Company, in the
notice of appeal contained in the record, appeal from the
original judgment against Calfee; but counsel for appel-
lants contend in their brief and in their argument that
this judgment is void upon its face, having been entered
by the clerk upon default in vacation; that he thereby
performed a judicial act, which, under the organic act,
he could not do. The organic act names the courts of
the territory, and, to a limited extent, defines their juris-
diction; but the rules of procedure in the courts thus
established are left nearly or entirely to the different
territorial legislatures.

Speaking on this very question, the supreme court of
the United States has said, in the case of *Hornbuckle* v.
*Toombs*, 18 Wall. 656: "From a review of the entire past
legislation of Congress on the subject under considera-
tion, our conclusion is, that the practice, pleadings, and

forms, and modes of proceeding of the territorial courts, as well as their respective jurisdictions, subject, as before said, to a few express or implied conditions in the organic act itself, were intended to be left to the legislative action of the territorial assemblies, and to the regulations which might be adopted by the courts themselves. Of course, in case of any difficulties arising out of this state of things, Congress has it in its power at any time to establish such regulations, on this as well as on any other subject of legislation, as it shall deem expedient and proper." The fact that Congress has never disallowed or disapproved the act conferring this power on the clerks of courts, and has not legislated directly on the subject, goes far to establish its validity as not inconsistent with the organic act. The statute under consideration was adopted from the code of California, and the courts of that state have held, as far as we have discovered, that the power conferred by it on clerks of courts was ministerial, and not judicial. Whatever might be our opinion if the question was an original one, too many rights have grown up under judgments entered in this manner for us now to question their validity. It is scarcely an exaggeration to say that a decision adverse to these judgments would operate as a public calamity by the contention and litigation it would produce. The appellants, by their brief, call in question the order of the court made April 22, 1887, directing T. J. Lynde and T. J. Lynde & Co. to pay to the judgment creditor the sum of four thousand five hundred dollars found to be owing by them to White Calfee; but the respondent objects to any consideration by this court of that order, as it was not an order appealed from. In this we think the counsel for respondent clearly correct. The notice of appeal nowhere refers to the order of that date, while it does mention other orders from which the appeal is taken. Section 422 of the Compiled Statutes

defines what the notice of appeal shall contain, and is as follows: " An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof." This was not done; hence we think that order not properly reviewable in this court. But as we are obliged to consider it in connection with subsequent orders that were appealed from, we will state that the order was, in our judgment, authorized by the statute. The orders appealed from were those dated May 30, 1887, requiring Nesbitt, Lynde, and Flanders to appear and answer concerning the property of T. J. Lynde and Lynde & Co. in certain corporations, and the indebtedness of said corporations to them, the order made by the judge refusing to set aside and vacate the order just mentioned, and the order made by the judge August 1, 1887, requiring the Bozeman Lumber Company to pay to William A. Imes, the receiver of the plaintiff, the sum of $3,334.20, and requiring T. J. Lynde to deliver to the sheriff of the county one fifth of the capital stock of the Bozeman Lumber Company, and eleven shares of the capital stock of the Gallatin Mill Company. The report of the referee before whom the evidence was taken, on which these orders were based, is not contained in the record. The presumption therefore is, that all facts necessary to support the orders were duly found by the court or judge. *Mining Co.* v. *Hayes*, 6 Mont. 32; *Chumasero* v. *Vial*, 3 Mont. 378; *Thompson* v. *O'Neil*, 41 Cal. 683. The record shows plainly that neither Nesbitt, the Bozeman Lumber Company, nor the Gallatin Mill Company, was ever served with a copy of the execution against Calfee, the original judgment debtor. The orders and proceedings against them were taken in order to reach the property of T. J. Lynde and Lynde & Co. in their hands. Lynde & Co. have neglected and failed to comply with the order of

the court to pay over the four thousand five hundred dollars which the court or judge found they owed Calfee. The appellants contend that this proceeding was unauthorized and illegal. Section 486, division 1, Compiled Statutes, is as follows: "Whenever an order for the payment of a sum of money is made by a court, pursuant to the provision of this code, it may be enforced by execution in the same manner as if it were a judgment." Now, such an order had been made in the case of Lynde & Co., and an execution issued against their property. This execution had precisely the same force and effect as an execution upon a judgment, and property and debts owing to them by other parties were subject to levy under it as under any other execution. The proceedings against the Bozeman Lumber Company and the Gallatin Mill Company, for the purpose of reaching assets in the hands of those corporations belonging to Lynde & Co., were authorized by the same law which subjected property and debts owing by Lynde & Co. to Calfee to an execution against the latter. The appellants claim that this could not be done, because the relation of debtor and creditor did not exist between Sperling and the Bozeman Lumber Company, and between Sperling and the Gallatin Mill Company, and that proceedings of this kind could go on without limit as long as you could find a debtor of a debtor against whom to proceed. And why not, if the law authorizes the proceeding?—the end throughout being to subject property and debts in the hands of other parties belonging or owing to the first judgment debtor to the satisfaction of the judgment against him. Appellants claim that even in chancery you cannot attach the debt due debtor of defendant. Admitted. Yet it does not follow that you cannot reach the debt by proceedings on execution after judgment. The writ of execution, and the proceedings supplementary to execution, provided by our statute, are more comprehensive and

searching than the writ of attachment, and many things can be lawfully done under the former which cannot be done under the latter. By the law of this territory (sec. 319, div. 1, Comp. Stats.), all goods, moneys, chattels, and other property, both real and personal, or any interest therein of the judgment debtor not exempt by law, shares and interest in any corporation or company, and all other property, real and personal, are subject to execution; and if there be property which cannot be reached directly by execution, and which the judgment debtor refuses to apply, he may be compelled, in proceedings supplementary to execution, to deliver it up in satisfaction of the judgment (secs. 350-357, div. 1, Comp. Stats.); the principle and policy of the law being to subject all property of the judgment debtor not specially exempt to the payment of his debts. Under the former system, and before the adoption of the code, this was affected by a proceeding in chancery, known as a " creditor's bill"; but that method of reaching the concealed or remote property of a judgment debtor has been mainly or wholly superseded by proceedings supplementary to execution provided by the code. *Adams* v. *Hackett,* 7 Cal. 200. The proceedings taken and orders made by the court upon the judgment against Calfee appear to have been made in strict accordance with the provisions of the statute. The orders appealed from are therefore affirmed.

*Judgment affirmed.*

McCONNELL, C. J., and BACH, J., concur.