# HAYES *v.* FIRST JUDICIAL DISTRICT COURT.

[Argued October 14, 1891. Decided October 20, 1891.]

APPEALABLE ORDER—*Supplemental proceedings—Certiorari.*—An order made in proceedings supplemental to execution, commanding the clerk of the court to pay to the plaintiff in one action money in his hands belonging to the defendant, and which had been paid into court upon a judgment recovered by such defendant as plaintiff in another action, is a special order made after final judgment, and, as such, appealable, and is not, therefore, reviewable by *certiorari.* (*Sperling* v. *Calfee,* 7 Mont. 514; *Barber* v. *Briscoe,* 9 Mont. 347, cited.)

Original proceeding. Application for a writ of *certiorari.*

Statement of the case by the judge delivering the opinion.

Michael D. Hayes and P. M. Hayes recovered a judgment in the First Judicial District Court against Henry J. Hayes, the amount of which was paid into court, and remains there.

Afterwards the Bank of Minnesota recovered a judgment against Michael D. Hayes and Henry Hayes.

In proceedings supplemental to execution the District Court made an order commanding the clerk of the court to pay to the plaintiff in the latter action the money in his hands belonging to said Michael D. Hayes in the former action, and paid in upon said judgment as above set forth.

The petitioner herein, Michael D. Hayes, plaintiff in the first action and defendant in the second, makes application to this court for a writ of *certiorari*, alleging that the District Court exceeded its jurisdiction in making the order described, and further setting forth that there is no appeal from said order.

Section 555 of the Code of Civil Procedure, in defining the writ of *certiorari*, says that the writ may be issued, among other conditions, when there is no appeal in the matter complained of. The statute provides that an appeal may be taken by any party aggrieved, from the District Court to the Supreme Court, from any special order made after final judgment. (§§ 421, 444, Code Civ. Proc.)

If the order of which petitioner complains is a special order, made after final judgment, and, as such, appealable, the writ of *certiorari* must be denied.

*A. C. Botkin,* for Petitioner.

*Oliver T. Crane,* for Respondent.

DE WITT, J. — We note the following authorities: An order discharging a defendant from imprisonment is a special order made after a final judgment. (*Wells, Fargo & Co.* v. *Anthony,* 35 Cal. 696.) In proceedings supplemental to execution an order to apply specific property to the satisfaction of a judgment is appealable. (*McCullough* v. *Clark,* 41 Cal. 303.) This view may be *obiter* in the opinion, but, as it is stated as a proposition "too plain for argument," we have a positive expression of the view of the California Supreme Court upon the subject.

In *Sperling* v. *Calfee,* 7 Mont. 514, an appeal was taken from an order made in proceedings supplemental to execution, requiring certain persons to appear and answer concerning certain

property. The appealability of the order was taken for granted, and was not discussed.

In *Barber* v. *Briscoe,* 9 Mont. 347, the court remarks that an order denying a motion to set aside an order for the examination of the defendant is appealable.

So the tendency of the authority, we observe, is to the effect that these orders, made in proceedings supplemental to execution, are appealable.

Counsel for petitioner cite *Foster* v. *Prince,* 8 Abb. Pr. 407, and *Joyce* v. *Holbrook,* 7 Abb. Pr. 338, but neither of these cases review a provision of the statute allowing an appeal from a special order made after final judgment, and the former of the cases went upon the ground that the party complaining was not aggrieved.

In the matter before us the order complained of was made after final judgment. If sections 421 and 444, as cited, do not refer to such an order as the one in question, we would be wholly at a loss to define the application of that law. We are of opinion that an appeal lies in this matter, and it is accordingly ordered that the application for a writ of *certiorari* be denied.

*Writ denied.*

BLAKE, C. J., and HARWOOD, J., concur.