STATE EX REL. REYNOLDS, RESPONDENT, v. LAURENDEAU, APPELLANT.

(No. 1,482.)

(Submitted March 16, 1903.    Decided March 19, 1903.)

*Justices of the Peace—Default Judgment—Certiorari—Remedy by Appeal—Payment of Judgment—Subsequent Annulment.*

1.    Code of Civil Procedure, Section 1761, provides that there is no appeal from a judgment by default in a justice's court, except on questions of law appearing on the face of the papers, except where the justice has abused his discretion in setting aside or refusing to set aside a default judgment. *Held* that, where a justice overruled a motion to vacate a default judgment, such section authorized an appeal, and the judgment could not be reviewed by *certiorari.*

2.    Where, after a writ of *certiorari* had been issued to review a justice's judgment, but before the justice had made his return thereto, and before the hearing of the writ by the district court, the justice's judgment was satisfied, as appeared by the justice's transcript filed in return to the writ, it was error for the district court to enter judgment in the *certiorari* proceedings setting aside the judgment of the justice.

*Appeal from District Court, Silver Bow County; Henry C. Smith, Judge.*

*Certiorari* by the state, on relation of S. J. Reynolds, against E. J. Laurendeau, as justice of the peace, to review a justice's judgment. From a judgment vacating and setting aside the judgment, defendant appeals. Reversed.

*Mr. M. D. Leehey,* for Appellant.

*Mr. John N. Kirk,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In November, 1896, the Cudahy Packing Company commenced an action in claim and delivery in the justice of the peace court for Silver Bow township against Samuel J. Reynolds, sheriff of Silver Bow county, Montana, to recover possession of certain personal property, or for the value thereof in case possession could not be recovered, and for damages for its retention. After an amended complaint was filed, a summons was issued, returnable November 16th at 2 o'clock p. m., and placed in the hands of Evan Herbert, a constable in said county, who made service by delivering a copy thereof to the defendant, Reynolds. On November 16th, after waiting one hour after return time, and no appearance having been made by the defendant, his default was entered, and, proof having been made sufficient to satisfy the court, a judgment for the plaintiff as prayed for in the amended complaint was entered. On November 28th the defendant, Reynolds, appeared in the action by a motion to set aside the judgment and open the default, upon the ground that summons had not been served in the proper manner, or by any proper person authorized to make service thereof. This motion was thereafter overruled. On April 23, 1898, a writ of *certiorari* was issued from the district court, directed to the justice of the peace, requiring him to certify up to the district court a transcript of the record and proceedings had in the case of *Cudahy Packing Company* v. *Reynolds,* but no return thereto seems to have been made until December 8, 1898, when a transcript of the record was filed in

the district court, which, among other things, contains this recital: "The within judgment is hereby canceled upon this record and declared fully satisfied, the amount thereof having been paid to the sheriff of Silver Bow county upon an execution heretofore issued from the Second judicial district court of Montana, wherein an abstract of said judgment was filed. Dated this 15th day of July, A. D. 1898.  M. D. Leehey, Atty. for Plaintiff."  Upon the writ and this return the district court on July 28, 1899, made and entered a judgment annulling and setting aside the judgment entered in the justice of the peace court on November 16, 1896.  From this judgment of the district court this appeal is taken.

Numerous errors are assigned, but we will consider only two: (1) The court erred in issuing a writ of *certiorari*, for the reason that the sheriff had a plain, speedy, and adequate remedy at law by appeal; and (2) the district court erred in entering its judgment, for the reason that the judgment obtained in the justice of the peace court had been satisfied long prior to the date of entry of the judgment in the district court.

1.    It is contended that *certiorari* would not lie because the defendant, having appeared and moved the court to set aside the judgment and open the default, upon the court's refusing to do so, could have appealed from the judgment to the district court, and there have had, upon that appeal, every question reviewed and determined which he could have by the writ of *certiorari*.   Section 1761 of the Code of Civil Procedure among other things provides: "* * * There is no appeal from a judgment by default rendered in a justice's or police court, except on questions of law which appear on the face of the papers or proceedings, and except in cases when the justice's or police court has abused its discretion in setting aside or refusing to set aside a default or judgment.  * * *"  In *State ex rel. Shanahan* v. *Lindsay,* 22 Mont. 398, 56 Pac. 827, this portion of Section 1761 received careful consideration and construction by this court, with the conclusion reached that after the justice's court has overruled a motion to vacate a default judgment an appeal will lie to the district court, and on that appeal the dis-

trict court will first try *de novo* the legal question raised by the
motion to vacate the judgment of the court below. If no abuse
of discretion be shown, the district court will enter judgment
of affirmance; if such abuse be shown, the district court will set
aside the default and permit the injured party to further plead,
and the case will then proceed upon the issues raised by such
further pleadings. In our judgment that decision is conclusive
of this case. The remedy upon *certiorari* is one uniformly
classed as an extraordinary remedy, and can only be resorted
to in the class of cases to which it is applicable—when there is
no appeal, nor any plain, speedy, or adequate remedy in the
ordinary course at law. (Section 1941, Code of Civil Proced-
ure.) There being an appeal from the judgment of the justice
of the peace court, *certiorari* would not lie to correct the error
complained of. (*Hayes* v. *Dist. Court,* 11 Mont. 225, 28 Pac.
259; *In re Finkelstein,* 13 Mont. 425, 34 Pac. 847; *State ex
rel. Shing* v. *Lenahan,* 17 Mont. 518, 43 Pac. 712.)

2. It is further urged that after the writ of *certiorari* is-
sued, but before the justice of the peace made his return there-
to, and long prior to the final hearing by the district court which
resulted in the judgment herein appealed from, the judgment
in the case of *Cudahy Packing Company* v. *Reynolds* had been
fully satisfied and discharged of record, and that this fact was
before the district court in the transcript of the justice which
he filed in return to the writ. An examination of that portion
of the record containing the return of the justice of the peace
shows the satisfaction and discharge of the judgment, duly ac-
knowledged of record by the attorney for the plaintiff in that
action on July 15, 1898. With this entry before the district
court, we fail to see how that court could make and enter a
judgment annulling and setting aside a judgment of the justice
of the peace court which was not then, and had not been for a
year, in existence.

For the reasons herein set forth, the judgment appealed from
is reversed, and the cause remanded, with directions to the lower
court to set aside the judgment made and entered on the 28th
day of July, 1899, and dismiss the *certiorari* proceedings.

*Reversed and remanded.*

MR. JUSTICE MILBURN: I concur on the second ground set out and argued in paragraph numbered two.