Jones, J.
Section 579, General Code, provides that if the public utilities commission finds in favor of a claimant it shall certify its findings to the clerk of the court of common pleas of the county in which the claimant resides or where the railroad or any of its offices are maintained.
Section 580, General Code, provides that within thirty days from the receipt of such findings by the clerk, the railroad company may by motion cause the same to be docketed as a civil action in said court, and that if no such motion is filed “the clerk shall enter up the finding of the commission as a judgment and the same shall be in all respects treated as a judgment at law with all the incidents thereof and upon which execution may issue as in other cases.” The same section further provides that if said matter is docketed for trial, the action shall proceed as in other civil actions for damages.
Since the act of the clerk is authorized to be performed without the concurrence or knowledge of the court, it is now claimed that such act is void and that Section 580, General Code, is unconstitutional, because it undertakes to confer judicial power upon the clerk of the courts and is therefore violative of Section 1, Article IV of the Constitution.
If the act of the clerk in entering these findings upon the record of the court is judicative, it is clearly invalid and the statute authorizing it is *142 void; but the entering of findings upon the journals of the court as a judgment can by no possibility be' construed as a judicial function. The latter presupposes the use of mental processes in the determination of law or fact, and at times involves discretion as to how the power should be used. Under this statute the clerk is not vested with discretion, and his refusal to act would subject him to a writ of mandamus. It has been decided by this court that while the settling and allowance of a bill of exceptions,- in determining the collection of a bill, may be judicial, the act of the judge in signing it is purely ministerial. The court determines and announces its conclusion. This function is judicial. After such announcement, the entry of his final decision is purely ministerial. If the statute in question required the determination by the clerk of any issue of fact or legal principle involved, this would have been an unwarranted exercise of judicial power.
Under the two statutes involved the legislature has committed to the public utilities commission the authority to ascertain the facts and enter its findings of the amount due as liquidated damages. In the instant case these findings were certified to the clerk of the court of common pleas, who is authorized, in the absence of a motion upon the part of the railway company, to docket the cause-for trial and to enter up the findings of the commission as a judgment against the railway company. The. railway company not having availed itself of its statutory right to docket the case for trial is in the position of a defendant who is in de *143 fault for answer to a complaint in which an exact, stipulated amount is claimed against it by the plaintiff. The case is analogous to a default judgment, with the added advantage that here the plaintiff’s claim has- been liquidated by a public administrative body, exercising quasi-]udicial functions.
It has been held with practical uniformity that, where a statute has authorized the clerk of a court of record to enter up a default judgment for a fixed and ascertainable amount claimed by the party, there is no constitutional inhibition against such law, and the same is not in violation of the constitutional provision conferring judicial power. Utah Assn., etc. v. Bowman, 38 Utah, 326; Graydon v. Thomas et al., 3 Ore., 250; Lathrop v. Snyder, 17 Wis., 110; Gamble v. Jacksonville, P. & M. Rd. Co., 14 Fla., 226; P. Miller Brewing Co. v. Capital Ins. Co., 111 Ia., 590; Sperling v. Calfee, 7 Mont., 514; Bullard v. Sherwood et al., 85 N. Y., 253; Skillman v. Greenwood, 15 Minn., 102, and Wall v. Heald, 95 Cal., 364.
These cases are authority for the legal principle that where the statute has cast upon the clerk the duty of entering a judgment for a fixed, ascertained amount, it is a purely ministerial function, and the entry of the judgment in contemplation of law is presumed to be the act of the court and performed in its presence; and especially does such a presumption attach in view of Section 2899, General Code, which provides that “in the performance of his duties he [the clerk] shall be under the direction of his court.” If the clerk were required to determine some issue of fact or law presented by the *144 pleading it would be otherwise; but where his simple duty is to enter upon the records a fixed and liquidated amount claimed against a party who makes no efifort to defend, it is tantamount to a judgment by default or confession and involves no judicial function. Ordinary judgments under Sections 11383 and 11592, General Code, have been committed to the judiciary; but under the section here involved, the legislature has conferred upon the clerk of courts the ministerial power to enter defaults of this character as a judgment at law. Such judgment, like other judgments, still remains under the supervision and control of the court, which may open up, or vacate, the same as other default judgments.
After the commission has made its finding in favor of the claimant, Section 579, General Code, provides that the same shall be certified to the “county in which the claimant resides or where the railroad or any of its offices is maintained.”
It is now urged that this is an unreasonable exercise of legislative power. By the provisions of the section named the commission is required to cite the railway company to answer the com-' plaint. Thereby the railway company was properly served and was subject to the future course of such proceedings, as the parties are in appealed cases, where no further process is required. The character of the service and method of process is entirely within the legislative control, and cannot be disturbed by judicial action unless the legislative provision is clearly unreasonable.
*145 This court is unable to say that this is an unreasonable provision, for it would appear that the railway company could ascertain, within the period named, the locus of the filing, either from the records of the public utilities commission, or from the court records in the counties named.

Judgment affirmed.

Nichols, C. J., Wanamaker, Newman, Matthias and Johnson, JJ., concur.