STATE ex rel. BAIRD et al., Respondents, *v.* ANDERSON,
         Justice of the Peace, Appellant.

(No. 4,404.)

(Submitted June 7, 1921.  Decided July 1, 1921.)

[199 Pac. 720.]

*Certiorari—Justices' Courts—Satisfaction of Judgment—Subsequent Annulment Error.*

1. Where a judgment rendered by a justice of the peace in an action on a promissory note and an open account had been satisfied by sale of personal property under execution, and thus ceased to exist, the district court, on *certiorari*, was without power to annul and set it aside as having been entered without jurisdiction.

*Appeal from District Court, Yellowstone County; S. C. Spencer, Judge.*

Certiorari by the State, on relation of Robert Baird and another, against Ray Anderson, Justice of the Peace of Billings Township, Yellowstone County, to review a judgment for plaintiff in an action by J. S. Haley against relators. Judgment for relators and respondent appeals. Reversed and remanded, with directions to set aside the judgment and dismiss the *certiorari* proceedings.

*Mr. J. Henry Nibbe* and *Mr. Geo. W. Pierson,* for Appellant, submitted a brief; *Mr. Pierson* argued the cause orally.

*Mr. James L. Davis,* for Respondents, submitted a brief; *Messrs. Waldo & Cunningham,* of Counsel; *Mr. Wm. B. Waldo* argued the cause orally.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

One J. S. Haley brought his action before defendant, as justice of the peace, against relators, upon a certain promissory note and open account. The cause was brought on for trial February 21, 1918, and upon the 25th of that month judgment was entered in favor of plaintiff. On the twentieth day of March, 1918, relators caused writ of review to be issued out of the district court to which return was made by defendant on the next day. On the first day of March, 1918, execution was issued and sales of personal property were had upon the fifteenth and twenty-first days of that month, respectively. By reason of the execution sales, sufficient proceeds were realized to satisfy the judgment, and on March 21 the judgment was satisfied, and acknowledgment of such satisfaction entered upon the docket by the attorney for plaintiff, all of which appeared in defendant's return to the writ of review.

Respondents contend that the judgment was entered without jurisdiction for several reasons; but, in view of the fact that the case must be reversed on another ground, it will be unnecessary for us to consider these jurisdictional questions.

The facts of this case as to the satisfaction of the judgment [1] and issuance of writ of review are identical with those disclosed in the case of *State ex rel. Reynolds* v. *Laurendeau,* 27 Mont. 522, 71 Pac. 754. In that case this court held that the district court could not make and enter a judgment annulling and setting aside a judgment of the justice of the peace, which was not then in existence as shown by the record before it. The reason for the holding is apparent, for if the judgment has been satisfied, it has ceased to exist, there is nothing to review, and there is nothing in the record from which defendant needs any relief. If the judgment was entered without

jurisdiction, and therefore was void, it was void for all purposes, and a judicial declaration to that effect after its satisfaction on the record could serve no good purpose. Under the authority of that case we must hold that the district court erred in entering the judgment from which the appeal was taken.

The judgment is reversed and the cause remanded, with directions to the lower court to set aside the judgment made and entered on the fourth day of April, 1918, and dismiss the *certiorari* proceedings.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Associate Justices Cooper, Holloway and Galen concur.