*New-Haven*,
July, 1835.

Todd
*v.*
Hall.

---

Cook *against* Mix :

IN ERROR.

Where a writ, dated *June* 12th, 1833, required the defendant " to appear before the county court, to be holden at *N. H.*, on the fourth *Tuesday* of *June* next ;" it was held, that the time of appearance was the fourth *Tuesday* of *June*, 1834 ; and consequently, a judgment rendered by default, in *June*, 1833, was erroneous.

THIS was an action of book debt, brought by *Nathaniel Cook*, administrator of the estate of *Stephen Mix*, deceased, against *Mindwell Mix*.    The writ was dated the 12th day of *June*, 1833, and required the defendant " to appear before the county court to be holden at *New-Haven*, on the fourth *Tuesday* of *June* next."    At the county court held on the fourth *Tuesday* of *June* 1833, the plaintiff recovered judgment by default.    The defendant, subsequently, brought a writ of error in the superior court ; and the judgment of the county court was reversed.    By motion in error of the original plaintiff, the record was then brought to this court, for revision.

*Mix*, for the plaintiff in error, contended, 1. That the description of the court is, by grammatical construction and the common use of language, that of the county court, *June* term 1833.    The plaintiff has adopted the statute description of the term, *viz.* one held on the fourth *Tuesday* of *June ;* and the

ARD LAW LIBRARY

*New-Haven,*
*July, 1835.*

Cook
*v.*
Mix.

writ required the defendant to appear at the "next" term of this description, to be holden in the county. The word "next" refers, not to the *month* only, but to the *term*—to "the fourth *Tuesday* of *June*." The next term after the date of the writ, was, obviously, the fourth *Tuesday* of *June,* 1833.

The common rule of pleading, is, the declaration, (and in our practice, it is equally applicable to the writ,) is to have a reasonable intendment; and when an expression is capable of different meanings, that is to be taken, which will sustain the declaration.  1 *Chitt. Plead.* 217, 8. & seq. (5th *Amer. ed.*)

2. That an administrator may sue in book debt. The personal property of the intestate vests in him. His describing himself an administrator, does no hurt.

*Hitchcock,* for the defendant in error, was stopped by the court.

CHURCH, J.    The original writ bears date *June* 12th, 1833, and requires the defendant to appear before the county court to be holden at *New-Haven,* on the fourth *Tuesday of June next.*

What was the time fixed, by this writ, for the appearance of the defendant before the county court?  We are to understand the language of the writ in reference to the time when it was used, *June* 12th, 1833 : understanding it thus, and according to its common and ordinary acceptation, we can but understand the words " *June next,*" as synonymous with *next June,* or *June,* 1834.

Such also, very obviously, is the grammatical construction of the language : the adjective *next* belongs to and qualifies the substantive *June.*

And a similar judicial construction was given to similar expressions, by the superior court, forty-five years ago, which has been acquiesced in ever since.     *Austin* v. *Nichols,* 1 *Root* 199.    *Way* v. *Clark, Id.* 439.

Therefore, the defendant having been summoned to appear and answer to the plaintiff's writ on the fourth *Tuesday* of *June,* 1834, and not before, and the judgment of the county court complained of, having been rendered upon that writ, on the fourth *Tuesday* of *June* 1833, was manifestly erroneous, and

the judgment of the superior court so deciding it, must be affirmed.

In this opinion the other Judges concurred.