[No. 9,716.    Department One.—December 19, 1884.]

ANDRES BRISWALTER, APPELLANT, v. FRANCISCO PALOMARES ET AL., RESPONDENTS.

EVIDENCE—PAYMENT OF HUSBAND'S DEBTS BY WIDOW—INFERENCE.—The mere fact that a widow paid all the debts of her deceased husband except one, does not tend to establish an obligation on her part to pay that one also.

ID.—DECLARATIONS OF VENDOR.—The declarations of a vendor, made after the sale, are not admissible in evidence against his vendee.

DISCRETION—RECALLING WITNESS.—It is not an abuse of discretion for the court to refuse to allow a witness to be recalled after the case has been continued for argument.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Glassell, Smith & Patton*, for Appellant.

*F. H. Howard*, and *J. R. Scott*, for Respondents.

McKINSTRY, J.—The plaintiff, in his complaint, alleges that the deed from Francisco Palomares to Trinidad Yorba, dated July 24, 1879, purporting to convey all his right, title and interest in San Jose rancho, for the expressed consideration of $6,000, although absolute on its face, conveyed no beneficial interest to the said Yorba, but the conveyance was to him in trust for said Francisco Palomares, and was made without consideration, and for the purpose of hindering, delaying and defrauding

the creditors of said Palomares, and especially the plaintiff herein.

The court below found:

" The deed of conveyance from the said Francisco Palomares to said Trinidad Yorba, mentioned in the complaint, conveyed to the said Trinidad Yorba the whole beneficial interest in all the property therein purported to be conveyed ; and said deed was not made, nor was said property or any part thereof, or interest therein, conveyed to said Trinidad Yorba in trust for said Francisco Palomares ; and said deed was not made without consideration, and for the purpose of hindering, delaying, or defrauding the creditor or creditors, or any creditor, of the said Francisco Palomares, or the plaintiff, or any other person ; but said deed was made in good faith, and for a valuable and adequate consideration moving at the time of its execution from the said Trinidad Yorba to said Francisco Palomares."

There was a substantial conflict in the evidence bearing on the issue passed upon in the foregoing finding, and, under the established rule here, we cannot interfere with the finding.

The court also found:

" The said deed of conveyance was not made as security ; and there was no understanding at any time between the said Francisco Palomares and the said Trinidad Yorba, that the property purporting to be conveyed in said deed, or any part thereof, or interest therein, should be held by the said Yorba in trust for the said Francisco Palomares in any event; and there was no understanding between the said Yorba and the said Francisco, at any time, that the property purporting to be conveyed in said deed should be re-conveyed to said Francisco Palomares, or to any other person, or that there should be a reconveyance or a resale of said property, or any part thereof, or any interest therein, to the said Francisco, or any other person ; but the understanding between the parties to said deed, at the time of its execution, was, that it should convey to the said Trinidad Yorba all the property therein purported to be conveyed, and that said Francisco Palomares should not retain any beneficial or other interest in said property, or any part thereof."

There was sufficient evidence to sustain the finding.

The court then proceeded to find that the other deeds mentioned in the complaint were not made by Yorba by the direction of Francisco Palomares, and that the judgment in favor of plaintiff, and described in the complaint, never became a lien on the lands conveyed by Francisco Palomares to Yorba. The judgment in favor of plaintiff and against the said Francisco is alleged in the complaint to have been rendered October 28, 1879—more than three months after the deed to Yorba.

The findings above recited dispose of the case, and make it our duty to affirm the judgment and order, unless errors occurred at the trial, or a new trial ought to have been granted on the ground of newly-discovered evidence.

It is contended by appellant that the court erred in refusing to allow him to prove that the defendant, Lugarda, after her husband's death, paid off all of his debts except that of the plaintiff. There was no offer to prove that this was done in pursuance of an acknowledgment of an obligation to pay them. The mere fact that she paid such debts, would not tend to establish an obligation on the part of the said defendant to pay a debt due from her deceased husband to the plaintiff.

The court did not err in refusing to permit plaintiff to introduce declarations of Francisco, made after the assignment to Yorba of his interest in cattle held in partnership with Hutchinson, to the effect that the assignment was made to avoid payment of plaintiff's debt. Such declarations would not tend to prove the invalidity of his conveyance of lands to Yorba, because made after the execution of the conveyance. (*Paige* v. *O'Neal,* 12 Cal. 483 ; *Cohn* v. *Mulford,* 15 Cal. 50 ; *Spanagel* v. *Dellenger,* 88 Cal. 278 ; *Hutchings* v. *Castle,* 48 Cal. 152 ; Bump Fraud. Conv. 548.) Nor was evidence of Palomares' declarations rendered relevant by the release to Hutchinson from Yorba, given after the cattle had been divided by Palomares and Hutchinson. The court did not abuse its discretion in refusing to allow the witness Hutchinson to be recalled after the cause had been continued for argument.

The evidence stated in the affidavits to be newly discovered is cumulative.

Judgment and order affirmed.

Ross, J., and McKee J., concurred.