# CRESCENT CITY MILL & TRANSP. CO. v. HAYES.

## No. 8948; May 25, 1886.

### 11 Pac. 319.

**Injunction—Pleading—Deprivation of Waters of Lake.—**In an action for equitable relief by way of injunction to restrain defendant from draining the waters of a certain lake into the ocean, the complaint averred, in substance, that plaintiff was a corporation engaged in the manufacturing, transportation and sale of lumber; that its mills were located on the banks of said lake, and that it was necessary that a certain depth of water in such lake, which now exists there, should be maintained, the same being essential to the conduct of plaintiff's business; and that a decrease of its depth, or destruction of its navigability, would result in great and irreparable injury to plaintiff. Defendant, in answer to the complaint, denied that plaintiff owned or possessed the mill mentioned in the complaint; that the mill was situate upon said lake; that the lake was navigable; or that the destruction of its navigability would injure plaintiff; or that the defendant intended to obstruct or impair plaintiff's alleged rights therein. Held, that the answer raised issues entitling defendant to a trial on the merits, and that a demurrer thereto should not be sustained.

Thornton, J., dissenting.

APPEAL from Superior Court, County of Del Norte.

This was an action for equitable relief by way of injunction to restrain defendant from draining the waters of a certain lake into the ocean, the complaint averring, in substance, that plaintiff is a corporation engaged in the manufacturing, transportation and sale of lumber; that its mills are located on the bank of said lake and that it is necessary that a certain depth of water in such lake, which now exists there, should be maintained, the same being essential to the conduct of plaintiff's business, and that a decrease of its depth, or destruction of its navigability, would result in great and irreparable injury to plaintiff. Defendant, in answer to the complaint, denied that plaintiff owned or possessed the mill mentioned in the complaint; that the mill was situate upon said lake; that the lake was navigable, or that the destruction of its navigability would injure plaintiff; or that defendant intended to obstruct or impair plaintiff's alleged rights therein.

42

Plaintiff demurred to defendant's answer on the ground that it did not raise issues entitling defendant to a trial. The demurrer was sustained, and defendant appealed.

W. A. Hamilton, J. J. De Haven and J. D. H. Chamberlain for appellant; R. G. Knox and L. F. Cooper for respondent.

By the COURT.—The amended answer filed in this cause raised issues entitling defendant to a trial upon the merits. The order sustaining plaintiff's demurrer to the amended answer was therefore erroneous.

Judgment reversed and cause remanded, with directions to the court below to overrule the demurrer.

Thornton, J., dissenting.