GWILLIM v. FIRST NAT. BANK OF COLORADO SPRINGS.

JUDGMENT BY DEFAULT — TIME TO ANSWER.

1. SERVICE OF SUMMONS AND COMPLAINT UNDER STATUTE OF 1885.—
   Under the statute of 1885, in case no copy of the complaint was
   served with the summons, it was " optional with the defendant to
   either answer the complaint on or before the second Monday after
   service of summons upon him, if served within the county in
   which the action was brought, or cause notice of his appearance
   to be given and demand a copy thereof."
2. ERROR TO ENTER JUDGMENT BEFORE TIME FOR ANSWER EXPIRES.—
   The defendant having adopted the latter course, it was error to
   enter judgment by default against him until such copy had in fact
   been furnished him, and the legal time thereafter for answering
   had expired.

### *Error to District Court of El Paso County.*

THE provisions of the statute necessary to a complete
understanding of the opinion are as follows: " A copy
of the complaint need not be served with the summons.
In such case the summons must state where the com-
plaint is or will be filed; and if the defendant, within
the time mentioned in the next section, cause notice of
appearance to be given, and in person or by attorney de-
mands in writing a copy of the complaint, specifying a
place within the state where it may be served, a copy
thereof must, within twenty days thereafter, be served
accordingly; and after such service the defendant has
twenty days to answer; but only one copy need be served
on the same attorney."

By the section referred to as the "next section" it is
provided: "The time in which the summons shall re-
quire the defendant to answer the complaint, after serv-
ice thereof on him, shall be as follows: *First*, if the
defendant is served within the county in which the ac-
tion is brought, on the second Monday thereafter." Sess.
Laws 1885, p. 130.

Mr. M. B. CARPENTER, for plaintiff in error.

MR. JUSTICE HAYT delivered the opinion of the court.

The summons in this case was served upon the defend-ant in the court below, Gwillim R. Gwillim, the present plaintiff in error, upon Tuesday, January 19, 1886, in the county of El Paso. No copy of the complaint was served with the summons. Shortly after this service of sum-mons plaintiff in error employed the firm of Bentley & Hooke, practicing attorneys, to defend the action. Be-fore the legal time for answering the complaint had expired, to wit, upon the 1st day of the following Feb-ruary, the same being the second Monday after January 19, 1886, these attorneys filed in the court in which the action was pending their written notice of appearance for the defendant, and upon the same day served notice thereof upon J. L. Williams, Esq., attorney of record for the plaintiff, and at the same time made a written demand upon him for a copy of the complaint. The next day judgment by default was entered against the defendant for failure to answer the complaint, although no copy of the complaint had at the time been served upon him. As soon as the defendant learned of this judgment, which was within a short time thereafter, he filed a motion, in proper form, asking the court to set aside the default and judgment and permit him to plead to the complaint, which motion was supported by affi-davits verifying the foregoing facts, so far as they did not appear from the record proper; but the court denied said motion and refused to set aside either the default or judgment theretofore entered. To review this action of the court the case is brought here on error.

The entry of either default or judgment, under the circumstances, was clearly erroneous. No copy of the complaint having been served with the summons, under the statute it was optional with the defendant, within the time specified therein, to either answer the complaint or cause notice of his appearance to be given and demand a copy thereof. The defendant, having adopted the lat-

ter course, and in due time given notice of his appearance, and demanded a copy of the complaint, specifying the office of his attorneys, in the town of Colorado Springs, as the place within the state where the same might have been served, could not have been in default under the then existing law until such copy had in fact been served upon him or upon his attorneys of record, and the legal time thereafter for answering had expired. Sess. Laws 1885, p. 130, § 3.

As no attempt was made by appellee, or any one for him, to furnish the defendant with a copy of the complaint, although the same was regularly demanded, both the default and judgment were erroneously entered, and should have been set aside upon the defendant's motion.

The judgment must accordingly be reversed, and the cause remanded with directions to the court below to proceed in accordance with the views expressed in this opinion.

*Reversed.*