[No. 15065.   Department One.—November 3, 1894.]

## THE PEOPLE, RESPONDENT, *v.* W. ·W. DODGE, APPELLANT. ·

104   487·
125   203,

SUMMONS—SERVICE—CONTRADICTION OF SHERIFF'S RETURN—AFFIDAVIT OF WANT OF RECOLLECTION.—Where the official return of the sheriff shows personal service of the summons upon the defendant, an affidavit by the defendant made after a great lapse of time showing that he had no recollection of the service of summons is entitled to but little weight as against the official return of the sheriff, and a finding in such case by the court below that the defendant was personally served with the summons and a certified copy of the complaint will not be disturbed on appeal.

ID.—STATEMENT OF CAUSE AND NATURE OF ACTION—FORECLOSURE OF INTEREST IN STATE LAND—COLLATERAL ATTACK UPON SUMMONS.—A summons issued in 1876, stating the cause and general nature of the action, as having been "brought to annul a certain certificate of purchase resulting from location No. 248, and to foreclose and bar defendant, and those claiming under him, of all right and interest in the land described in the complaint (filed in this action), and for such other relief as is consistent with equity, together with costs of suit," though irregular in not stating fully the cause and general nature of the action, as required by the original section 407 of the Code of· Civil Procedure then in force, is not void, but only voidable by a motion or proceeding in the action, and is good as against a collateral attack. ·

ID.—DESCRIPTION OF LAND—REFERENCE TO COMPLAINT.—The description of the land in a summons by reference to the complaint has the effect to make that portion of the complaint a part of the summons, and obviates the necessity of repeating the description in the summons.

Id.—Judgment by Default upon Irregular Summons not Void.—
Where the court has jurisdiction of the subject matter of the suit, and
by personal service of the summons has jurisdiction of the person of the
defendant, the entry of judgment by default upon a summons which is
merely irregular in not fully stating the cause of action, but which is
regular in other respects, is voidable, but not void.

Id.—Correction of Voidable Judgment.—In all cases where a judgment
is voidable, but not void on its face, the error can only be corrected by
an appeal, or by motion to set the judgment aside in the court where
rendered, within six months after the rendition thereof, and if denied,
by an appeal from the order of denial.

Id.—Motion after Expiration of Six Months—Want of Jurisdiction.
After the expiration of six months from the rendition of a judgment it
can only be set aside upon motion in cases where it is upon its face
absolutely void for want of jurisdiction of the subject matter, or of the
person of the defendant.

APPEAL from an order of the Superior Court of Humboldt County, denying a motion to vacate and set aside a judgment by default.

The facts are stated in the opinion.

*George D. Murray*, and *Mastick, Belcher & Mastick*, for Appellant.

*Buck & Wheeler*, for Respondent.

SEARLS, C.—This is an appeal from an order denying a motion to vacate and set aside a default and judgment, and to permit defendant to plead to the complaint in the cause.

The action was brought in the district court of Humboldt county, July 8, 1876, to foreclose the interest of the defendant in certain land purchased by him of the state, and to annul the certificate of purchase issued to him therefor, on the ground of delinquency in the payment of interest.

A summons was issued July 10, 1876, which, on March 24, 1877, was returned with a certificate of the sheriff of San Francisco, in due form, showing that on the day last mentioned he personally served said summons upon the defendant, W. W. Dodge, in the city and county of San Francisco, by delivering to said defendant a copy

thereof, attached to a certified copy of the complaint in said action therein named.

Defendant failed to answer the complaint, and in due time his default for want of an answer was duly entered, and on the twelfth day of July, 1877, a decree was entered, foreclosing all his right, title, and interest in and to the land described in the complaint, and annulling the certificate of purchase, etc.

On the twentieth day of November, 1889, the defendant served and filed a notice of a motion to vacate the default and judgment on the grounds: 1. That said judgment is void upon its face; 2. That no summons in said action was ever issued or served upon said defendant, and that said district court never acquired jurisdiction of the person of the defendant.

The motion was heard upon the judgment-roll and upon an affidavit made by defendant, in which he denied all recollection of having been served with the summons or that he knew or heard of the pendency of the case until 1889; that he had a meritorious defense upon the merits, etc.

The point that there was in fact no service of the summons and complaint upon defendant may be dismissed with the remark that the affidavit of defendant, made after the lapse of more than twelve years, showing that he had no recollection of service, is entitled to but little weight as against the official return of the sheriff of personal service, and the finding of the court showing that "the defendant, W. W. Dodge, having been regularly served with process as required by law," etc.

It will therefore be taken as established here, as it was in the court below, that defendant was personally served with the summons and a certified copy of the complaint.

The leading point made by appellant relates to the sufficiency of the summons to support a default.

The contention of his counsel is that the summons did not *substantially* comply with the material require-

ments of the statute, and hence was inoperative to sustain a judgment by default.

Under the Code of Civil Procedure, as it existed when this action was commenced, the summons was required to contain, among other things: " 2. The cause and general nature of the action." (Code Civ. Proc., sec. 407.)

The clause of the summons to which objection is made is in the following language: " The said action is brought to annul a certain certificate of purchase resulting from location No. 248, and to foreclose and bar defendant, and those claiming under him, of all right and interest in the land described in the complaint (filed in this action), and for such other relief as is consistent with equity, together with costs of suit."

The clause quoted from section 407 of the Code of Civil Procedure has since been amended, and now reads as follows: " 2. A statement of the nature of the action in general terms."

As will be observed, the main feature of the amendment was to eliminate the word *cause* from the sentence. The term *cause of action* is defined as " the right which a party has to institute and carry through a proceeding." (Anderson's Dictionary of Law, citing in support of the definition *Meyer* v. *Van Collem*, 28 Barb. 231.)

Black defines it as " Matter for which an action may be brought. The ground on which an action may be sustained. The right to bring a suit."

In *Calderwood* v. *Brooks*, 28 Cal. 151, "the cause and general nature of the action" was stated thus: "And said action is brought to recover possession of certain land and premises more particularly described in the complaint herein," and it was held sufficient.

The court said: " The complaint is thus by reference made a part of the summons, and it affords a proper description of the premises. The summons and affidavit (of service of summons) were sufficient to authorize the entry of the default."

In *King* v. *Blood*, 41 Cal. 314, a similar doctrine was

enunciated, the court holding that by the summons and copy of the complaint, which was served with it, "the defendants were fully and particularly notified of the cause, general nature, and object of the action," etc.

*Lyman* v. *Milton*, 44 Cal. 630, was a case in which there were several defendants, only one of whom was named in the summons. The court, in holding the summons insufficient, said: "The summons is the process by which parties defendant are brought into court so as to give the court jurisdiction of their persons. Its form is prescribed by law, and whatever the form may be it must be observed at least substantially."

In *Ward* v. *Ward*, 59 Cal. 139, a like doctrine was held with that enunciated in *Lyman* v. *Milton*, 44 Cal. 630.

*People* v. *Greene*, 52 Cal. 577, was an action, like the present, to foreclose the interest of the defendant in certain land purchased from the state, and to annul his certificate of purchase on account of the nonpayment of interest.

The summons issued in the case required the defendant to appear in an action "brought to obtain a decree of this court foreclosing the interest of the defendant in certificate of purchase, number one thousand three hundred and ninety-three, of grants sixteen and thirty-six sections and lieu lands in the county of Santa Barbara," etc.

This court held the summons fatally defective in failing to state "the cause and general nature of the action," and reversed a judgment by default rendered in the case.

In *Bewick* v. *Muir*, 83 Cal. 368, decided since the amendment to the code, the opinion indicates that a very general statement of the nature of the action in the summons is sufficient.

In *Clark* v. *Palmer*, 90 Cal. 504, the summons notified the defendant that upon failure to answer "plaintiff will take judgment against you for the relief demanded in his complaint," it being a case in which it should have

been stated that he would apply to the court for the relief demanded in the complaint.

On appeal this court held that under section 4 of the Code of Civil Procedure, which requires that "its provisions and all proceedings under it are to be liberally construed with a view to effect its objects and to promote justice," the summons was sufficient.

In *Keybers* v. *McComber*, 67 Cal. 395, a like error in a summons was held *voidable*, but not *void*, and hence good as against a collateral attack.

The summons in the present case attempted to state the cause and general nature of the action, but it must be admitted made a lame effort so to do.

To say that an action is brought to annul a certificate of purchase resulting from a given location and to foreclose and bar the defendant, etc., of all right and interest in the land described in the complaint in the case, affords some light as to the cause and nature of the action, and would have been sufficient to warrant the court below in permitting an amendment had it been asked.

There is a wide difference between a want of jurisdiction and a defect in obtaining jurisdiction.

"From the moment of the service of process the court has such control over the litigants that all its subsequent proceedings, however erroneous, are not void. If there is any irregularity in the process, or in the manner of its service, the defendant must take advantage of such irregularity by some motion or proceeding in the court where the action is pending." (Freeman on Judgments, sec. 126; *Keybers* v. *McComber*, 67 Cal. 396; *Clark* v. *Palmer*, 90 Cal. 504.)

That the description of the land by reference to the complaint had the effect to make that portion of the complaint a part of the summons, and obviated the necessity of repeating the description, is upheld in *Calderwood* v. *Brooks*, 28 Cal. 153.

The complaint stated a cause of action, and, in the absence of a special demurrer, cannot be successfully attacked.

From a review of the record and the authorities applicable the following conclusions are reached:

1. The court had jurisdiction of the subject matter of the suit, and by the personal service of the summons obtained jurisdiction of the person of the defendant.

2. Having such jurisdiction, the entry of judgment by default upon a summons regular in other respects than those indicated was *voidable,* but not *void.*

3. In all cases where a judgment is *voidable* and not *void* on its face the error can only be corrected by an appeal, or by motion to set the same aside in the court where rendered, which motion must be made within six months after the rendition thereof, and, if denied, by an appeal from the order of denial.

4. After the expiration of six months from its rendition a judgment can only be set aside upon motion in cases where it is upon its face absolutely void for want of jurisdiction of the subject matter or of the person of the defendant.

5. In the present instance a period of twelve years having elapsed between the entry of the judgment and the motion to set the same aside, the court below did not err in refusing said motion.

It follows that the order appealed from should be affirmed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

HARRISON, J., GAROUTTE, J., MCFARLAND, J.