BATCHOFF, ADMR., RESPONDENT, *v.* BUTTE PACIFIC COPPER CO. ET AL., APPELLANTS.

(No. 4,234.)

(Submitted January 5, 1921.   Decided January 20, 1921.)

[198 Pac. 132.]

*Personal Injuries—Death—Master and Servant—Executors and Administrators—Complaint—Misjoinder of Parties—Default Judgments—Notice—Service by Mail—Demurrer—Extension of Time for Answer—Statute—Judicial Notice—Record on Appeal from Judgment—Bills of Exception.*

Personal Injuries—Death—Master and Servant—Action by Administrator —Complaint—Sufficiency—Misjoinder of Parties.
   1. The right of action for damages given by section 6486, Revised Codes, to the heirs or personal representative of an adult whose death is caused by wrongful act or negligence is solely for the benefit of the heirs, the representative merely acting as their trustee and the amount recovered not being a part of decedent's estate; hence the complaint of an administrator setting forth the damages sustained by decedent's father and mother was not open to demurrer on the ground of misjoinder of parties plaintiff (the administrator

and the heirs) or causes of action, recovery by the administrator barring a subsequent action by the heirs.

Same—Heirs—Complaint—Sufficiency—Inferences.

2.   Since under section 4820, subdivision 2, Revised Codes, the father and mother of an intestate were his heirs at law, the allegation of plaintiff administrator that the adult for whose wrongful death damages were sought died intestate, leaving surviving him his father and mother, naming them, was sufficient to state by inference that they were his heirs, in the absence of a direct allegation to that effect.

Dismissal of Action—Default—Neglect to Demand Entry of Judgment.

3.   The six months period at the expiration of which an action may be dismissed by the court, under section 6714, Revised Codes, if the party entitled to judgment neglects to demand and have the same entered, does not commence to run from date of entry of default, in a personal injury action, but from the date of final submission, *i. e.*, production of proof by plaintiff.

Overruling Demurrer—Service of Notice by Mail.

4.   *Quaere:* Was service of notice of the overruling of a demurrer, time being given within which to answer, made by mailing a postal card, legal service?

Same—When Service of Notice by Mail Complete.

5.   Service of notice by mail of overruling of demurrer was complete upon deposit thereof in the postoffice, even though the notice was never received by the party to whom it was addressed.

Same—Extension of Time for Answer—Distance Between Places of Deposit and Address—Judicial Notice.

6.   In determining whether the time for answering, after demurrer overruled was extended one day for every twenty-five miles distance between the place of deposit of notice, served by mail, and place of address, courts may take judicial notice of the distance between the place where mailed and the place of address.

Same—Extension of Time for Answer—Applicability of Statute.

7.   The provision of section 7148, Revised Codes, that in case of service by mail, where something is to be done by the adverse party within a given number of days after service, the time within which it may be done is extended one day for every twenty-five miles distance between the place of deposit and the place of address, applies in a case where, after overruling of a demurrer to a complaint defendant is granted a given number of days within which to serve and file answer, or is ordered to do so on or before a certain date, the two meaning substantially the same thing.

Default Judgment—Premature Entry—Error Within Jurisdiction.

8.   Premature entry of default constitutes error within jurisdiction, the judgment following being voidable, not void.

Same—Refusal to Vacate—Appealable Order.

9.   An order, made after judgment, denying a motion to set aside a default and judgment, is appealable under section 7098, Revised Codes; hence where no appeal was taken, the alleged error in refusing the motion was not reviewable on appeal from the judgment. (On rehearing.)

Appeal from Judgment—Record on Appeal—Bills of Exception.

10.   *Held*, that the provision of section 7112, Revised Codes, requiring that the record on appeal from a final judgment shall contain the judgment and any bills of exception upon which appellant re-

[60 Mont. 179.]

lies, refers to only such bills of exceptions as are settled under sections 6787 and 6788 or are used on motion for new trial, and that therefore any bill not so settled or used cannot be considered on such appeal.  (On rehearing.)

*Appeal from District Court, Deer Lodge County; George B. Winston, Judge.*

ACTION by D. A. Batchoff, as administrator of the estate of Dimitre Stoycoff Gancheff, deceased, against the Butte Pacific Copper Company and another. Judgment by default for plaintiff, and the defendants, after denial of motion to set aside the default and the judgment, appeal from the judgment. Affirmed.

*Messrs. Galen, Mettler & Toomey,* for Appellants, submitted a brief; *Mr. Frank W. Mettler* argued the cause orally.

*Messrs. Maury & Wheeler,* for Respondent, submitted· a brief; *Mr. H. L. Maury* argued the cause orally.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

This action was brought by D. A. Batchoff, as administrator of the estate of Dimitre Stoycoff Gancheff, deceased, to recover damages for the death of the deceased, alleged to have been caused by the defective condition of a certain mining shaft due to negligence of defendants.

To the amended complaint defendants filed demurrer, which demurrer was overruled on the second day of September, 1916. In the order overruling the demurrer, defendants were granted to and including the first day of October, 1916, within which to serve and file answer. Neither defendant, nor either of their attorneys, was present in court at the time of the entry of the order overruling the demurrer, nor was any notice served upon them, or either of them, by the attorneys for plaintiff. On the second day of September, 1916, the clerk mailed to attorneys for defendants a postal card advising them of the order and of the time within which they were required to an-

swer. The attorneys for defendants deny having received any such notice. On the third day of October, no answer having been filed, default was entered against defendants. On the eleventh day of May, 1917, judgment on default was entered in favor of plaintiff and against defendants. Thereafter defendants made motion to set aside default and the judgment, and tendered an answer setting forth a defense upon the merits. This motion was overruled. Appeal is taken to this court from the judgment.

The demurrer to the amended complaint was made on the [1] grounds that there was a misjoinder of parties plaintiff, for the reason that it was sought to join with D. A. Batchoff, as administrator of the estate of Dimitre Stoycoff Gancheff, deceased, the father and mother of said deceased; that the causes of action were improperly united in the complaint, in that the cause of action in favor of plaintiff, D. A. Batchoff, as administrator, was improperly united with the cause of action in favor of each the father and mother of the deceased; and that the amended complaint was ambiguous in that it could not be determined therefrom what damages were sought in behalf of the estate, what damages in behalf of the father of the deceased, and what damages in behalf of the mother of the deceased. The demurrer also rested upon the general ground that the amended complaint does not state facts sufficient to constitute a cause of action.

From an examination of the amended complaint, the court is satisfied that it does state facts sufficient to constitute a cause of action under section 6486, Revised Codes, which provides as follows: "When the death of one person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death; or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section such damages may be given as under all the circumstances of the case may be just."

It is urged by appellants that under said statute there exists an action in favor of the personal representative of an estate for damages for the death of a person not a minor, and also in favor of the heirs at law of the deceased, and that in the amended complaint in question, it is impossible to segregate the damages that are claimed by the administrator, from those that are claimed by the heirs at law of the deceased. It is also contended that even though the names of the father and mother do not appear in the title of the case, yet, inasmuch as the amended complaint seeks to recover damages suffered by them, they are substantially parties to the proceeding. Under the theory of appellants, as above mentioned, arises the alleged improper joinder of parties and improper joinder of causes of action.

Under the common law, any action for damages due to personal injuries would abate with the death of the party injured and no action at all could lie if the injury resulted in death. By reason of the apparent injustice of such a rule, statutes have been enacted whereby the cause of action survives the death of the party injured, and in case the injury produces death, then the cause of action survives to his personal representative or heirs at law. The right of action being statutory, it must be controlled and limited by the statute and its proper interpretation.

In the case of *Melville* v. *Butte-Balaklava Copper Co.,* 47 Mont. 1, 130 Pac. 441, is given a review of the history of legislation in this state whereby right of action is granted to the personal representative or heirs at law of the deceased for damages resulting in death. It appears that this statute was probably copied from the Code of Civil Procedure of California, as amended by the Act of March 24, 1874 (Cal. Code Civ. Proc., sec. 377). The supreme court of that state has had this statute under consideration in several cases and has uniformly held that the right of action is solely for the benefit of the heirs of the deceased; that the provision whereby action may be brought by the personal representative of the deceased

does not confer any right of action upon the estate of the deceased, but that the personal representative, in so bringing such an action, is acting merely as a trustee for the benefit of the heirs; that under either method of procedure, the action, in substance, is entirely for the benefit of the heirs; that the proceeds thereof cannot be considered any part of the estate of the deceased; and that, in fact, a proceeding cannot be sustained at all under this statute in case it does not affirmatively appear that the deceased died leaving heirs surviving him. Consistently with the principles above set forth, the same court holds that an action by the personal representative is a bar to any action by the heirs of deceased, and *vice versa.* (*Munro* v. *Pacific Const. etc. Co.,* 84 Cal. 515, 18 Am. St. Rep. 248, 24 Pac. 303; *Webster* v. *Norwegian Milling Co.,* 137 Cal. 399, 92 Am. St. Rep. 181, 70 Pac. 276; *Salmon* v. *Rathjens,* 152 Cal. 290, 92 Pac. 733; *Jones* v. *Leonardt,* 10 Cal. App. 284, 101 Pac. 811; *Ruiz* v. *Santa Barbara Gas & Elec. Co.,* 164 Cal. 188, 128 Pac. 330; *Slaughter* v. *Goldberg, Bowen Co.,* 26 Cal. App. 318, 147 Pac. 90; *Hirsch* v. *James S. Remick Co.,* 38 Cal. App. 764, 177 Pac. 876; *Tann* v. *Western Pac. Ry. Co.,* 39 Cal. App. 377, 178 Pac. 971; *Hartigan* v. *Southern Pac. Ry. Co.,* 86 Cal. 142, 24 Pac. 851.)

In the case of *Ruiz* v. *Santa Barbara Gas & Electric Co., supra,* the court expressed itself in these words: "It is settled by the decisions that an action of the character authorized by section 377 of the Code of Civil Procedure is one solely for the benefit of the heirs, by which they may be compensated for the pecuniary injury suffered by them by reason of the loss of their relative, that the money recovered in such an action does not belong to the estate but to the heirs only, and that an administrator has the right to bring the action only because the statute authorizes him to do so, and that he is simply made a statutory trustee to recover damages for the benefit of the heirs."

In the case of *Tann* v. *Western Pacific Ry. Co., supra,* the court, in considering the sufficiency of a complaint based upon

said statute, used the following words: ''Undoubtedly the complaint does fail to state a cause of action if it fails to allege that deceased was an adult and left an heir, or heirs, an allegation absolutely essential in an action of this character.''

In *Hartigan* v. *Southern Pacific Ry. Co., supra,* the supreme court of California uses this language: ''When the personal representative of the deceased brings an action to recover damages for the act or negligence causing death, if another action is afterward brought by the heirs of the deceased, the pendency of the prior action may be well pleaded in abatement of it; or if a judgment has been rendered in the first, such judgment may be well pleaded in bar of the second, action.''

It will therefore be seen from the foregoing authorities that it is immaterial whether the action is brought by the personal representative or by the heirs of the deceased, for the action is substantially the same action and the damages recoverable are identical. Such being the case, there cannot be anything improper in setting out in the complaint in question the damages alleged to have been suffered by the father and mother of the deceased.

It is contended that the amended complaint fails to state [2] that the father and mother of the deceased were in any way interested in the cause of action, for it does not specifically allege that they were the heirs at law of deceased. The amended complaint alleges that ''said Dimitre Stoycoff Gancheff died unmarried, intestate, leaving surviving him his father, by name Stoicko Gancheff, aged sixty-three years, and a mother, by name Penka Stoicko Gancheff, aged sixty years.'' It appearing from the foregoing that the deceased died unmarried and intestate, his father and mother would necessarily be his heirs at law under the statutes of succession. (Rev. Codes, sec. 4820, subd. 2.) As such is the necessary inference from the language used, it must be held that the amended complaint sufficiently states that fact.

It is contended by defendants that the judgment was entered
[3] without jurisdiction, for the reason that it was not entered
for more than six months after the entry of default. This
contention is based upon Revised Codes, section 6714, subdivision
6, which reads as follows: "An action may be dismissed or
a judgment of nonsuit entered in the following cases: * * *
(6) By the court, when after verdict or final submission, the
party entitled to judgment neglects to demand and have the
same entered for more than six months."

It will be noted that the obligation to enter judgment within
the period of six months above mentioned is six months after
verdict or final submission. While default was entered on the
third day of October, no verdict was ever rendered, as the case
was not submitted to the jury; and the case was not finally
submitted to the court until the eleventh day of May, 1917,
the date of the entry of judgment. Proof being required in
such cases as this, upon which to base the entry of the judg-
ment, judgment could not have been entered upon the default.
Since it was entered upon the same day that proof was sub-
mitted, the statutory restriction does not apply.

It is also contended that the judgment was entered without
[4-6] jurisdiction, for the reason that the default was pre-
maturely entered. The statute provides that when a demurrer
to a complaint is overruled and time is given for answer, the
time so given runs from service of notice of the order, except
when the defendant is in court. (Rev. Codes, sec. 6594.) In
this case neither defendant nor either of defendants' attorneys
was in court at the time the order was entered; so the time
for answer commenced to run from the time of service of
notice of the order. Service of the notice was made by the
clerk by mail, under the provisions of section 7148 of the Re-
vised Codes, which statute is as follows: "In case of service
by mail, the notice or other paper must be deposited in the
postoffice, addressed to the person on whom it is to be served,
at his office or place of residence, and postage paid. The
service is complete at the time of the deposit, but if within a

given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended one day for every twenty-five miles distance between the place of deposit and the place of address. The service in any case is deemed complete at the end of forty days from the date of its deposit in the postoffice."

Conceding, for the purposes of this case, that service of notice could be made by the clerk by mailing a postal card (although it is doubtful whether or not such service could be deemed a legal service), service was complete at the time of the deposit of the notice in the postoffice, which in this case was the second day of September, 1916. Such service was complete upon deposit, even though the notice was never actually received by defendants' attorneys. (*Griffin* v. *Board of Commissioners of Walworth Co.*, 20 S. D. 142, 104 N. W. 1117.) The statute, however, provides that if, within a given number of days after such service a right may be exercised or an act is to be done by the adverse party, the time within which such right may be exercised or act be done is extended one day for every twenty-five miles distance between the place of deposit and the place of address. The question arises as to whether or not the time for answer was extended by this provision of the statute beyond the first day of October, 1916, inasmuch as the place of deposit of the notice was Anaconda, and the place of address, Helena. The distance between the two places is about ninety-seven miles, of which fact the court may take judicial notice.

The statute uses the expression "within a given number [7] of days after such service," and it is contended that, inasmuch as the order in this case did not specifically provide that answer should be made within a given number of days but on or before a definite date, such provision of the statute does not apply. It is the opinion of the court, however, that by the enactment of this provision of the statute it was the intention of the legislature to give to a party living at a distance

from the place of mailing additional time for performing the act to be done equivalent to one day for each twenty-five miles distance. It is substantially the same thing whether the order requires the act to be performed within a limited number of days, or on or before a definite date; and there can be no reason why, if the rule should be applied in one case, it should not be also applied in the other. The reasonableness of such a construction is apparent when it is considered that if the statute is not so construed, one may literally comply with the statute and absolutely prevent the other party from exercising his right, by giving a notice so late that the other party could not act upon it within the time required by such an interpretation. In this particular case, if notice had been deposited upon the thirtieth day of September, 1916, the notice would be complete upon that date and before the time required for answer, and yet it is evident that the defendants would not have been given any opportunity whatever to make such answer.

It is therefore the opinion of the court that under the provisions of this statute, the time of defendants for answer was extended to and included at least the fourth day of October, 1916. Under this construction of the statute, the default was prematurely entered, was without jurisdiction, and the judgment which followed was likewise without jurisdiction and void.

For the reasons above mentioned, the judgment is reversed, and the cause remanded, with directions to the lower court to set aside the default and permit the defendants to file their answer as of the time of its tender.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER and HOLLOWAY concur.

MR. JUSTICE GALEN, being disqualified, takes no part in the decision of this case.

ON REHEARING.

(Submitted April 22, 1921.    Denied May 23, 1921.)

MR. JUSTICE REYNOLDS delivered the opinion of the court.

In the original opinion in this case it was stated [8] that "The default was prematurely entered, was without jurisdiction, and the judgment which followed was likewise without jurisdiction and void." While under the facts stated in the opinion it was error to prematurely enter the judgment, yet such entry was not without jurisdiction, but was error within jurisdiction. It was voidable but not void. (23 Cyc. 745; 12 Cyc. 755; 2 Freeman on Judgments, pars. 532, 542; *Cook* v. *Mix,* 10 Conn. 565; *Drew* v. *Claypool,* 61 Mich. 233, 28 N. W. 78; *Anheuser-Busch Brewing Assn.* v. *McGowan,* 49 La. Ann. 630, 21 South. 766; *Mitchell* v. *Aten,* 37 Kan. 33, 1 Am. St. Rep. 231, 14 Pac. 497; *People* v. *Dodge,* 104 Cal. 487, 38 Pac. 203; *O'Rear* v. *Lazarus,* 8 Colo. 608, 9 Pac. 621; *Remnant* v. *Hoffman* (Cal.), 11 Pac. 319; *Gwillim* v. *First Nat. Bank of Colorado Springs,* 13 Colo. 278, 22 Pac. 458; *Ross* v. *Wellman,* 102 Cal. 1, 36 Pac. 402; *Hole* v. *Page,* 20 Wash. 208, 54 Pac. 1123.)

On rehearing, the question considered is the right of this [9, 10] court to review, upon the record as submitted, the error of the court in prematurely entering judgment. There is nothing in the judgment-roll showing the premature entry of the judgment, but it is in all respects fair upon its face. After judgment was entered a motion, supported by affidavits, was made to vacate the default and judgment on the ground that the same had been prematurely entered. The motion was denied and bill of exceptions was settled upon this motion; no appeal, however, was taken from the order of the court denying the motion, but appeal was taken from the judgment only. Appellants contend that even though the bill of exceptions was

settled in connection with the motion, yet, inasmuch as the bill of exceptions points out the premature entry of the judgment, it reveals an error made by the court before judgment, and therefore is available to them on the appeal from the judgment. In support of this contention, the appellants rely largely upon the statute defining what constitutes the record on appeal, being section 7112, Revised Codes, which reads as follows: "On an appeal from a final judgment, the appellant must furnish the court with a copy of the notice of appeal, of the judgment-roll or of such parts thereof as may be necessary to be considered on the appeal, and of any bill of exceptions upon which the appellant relies. Any statement of the case settled after the decision of the motion for a new trial, when the motion is made upon the minutes of the court, as provided for in section 6796 (1173), or any bill of exceptions settled as provided for in section 6787 (1154) or in section 6788 (1155), or used on the motion of a new trial, may be used on appeal from a final judgment equally as upon appeal from the order granting or refusing a new trial." The particular language relied upon is found in the first sentence, in which it is stated that appellant must furnish the court with a copy of the judgment-roll and of any bill of exceptions upon which the appellant relies. The statute provides that immediately after entering judgment, the clerk must attach together and file certain papers therein mentioned, including all bills of exceptions taken and filed, which shall constitute the judgment-roll. (Rev. Codes, sec. 6806.) It is argued that, inasmuch as the statute includes within the judgment-roll all bills of exceptions taken and filed, and inasmuch as the legislature provided in section 7112 that the record on appeal shall consist of the judgment-roll and any bills of exceptions upon which the appellant relies, it intended to include any bills of exceptions so relied upon, no matter when or for what purpose it was settled, and that therefore a bill of exceptions prepared upon motion to vacate default and judgment is such a bill of exceptions as is so contemplated. However, in determining

this question it is necessary to consider the whole of section 7112. It is to be noted that in the latter part of the section it is provided that "any bill of exceptions settled as provided for in section 6787 (1144) or in section 6788 (1155), or used on the motion of a new trial, may be used on appeal from a final judgment equally as upon appeal from the order granting or refusing a new trial."

It must be remembered that the judgment-roll must be made up immediately upon the entry of the judgment, and it therefore can contain only such bills of exceptions as were on file at the time of the entry of the judgment. Section 6788 provides that bills of exceptions may be settled after judgment, covering matters occurring upon the trial. Such bills of exceptions, not being filed at the time of the entry of the judgment, cannot be deemed a part of the judgment-roll; but, inasmuch as they contain exceptions to the proceedings before the entry of judgment, they are material in considering any appeal from the judgment. Reading the section 7112 in its entirety, it is our opinion that it was the intention of the legislature in providing for judgment-roll and bill of exceptions, to include only such bill of exceptions as was settled under either section 6787 or 6788. As the bill of exceptions in question was not settled under either section, nor used on a motion for new trial, it cannot be used on appeal from the judgment.

Appellants have also cited in support of their contentions the case of *Foley* v. *Foley,* 120 Cal. 33, 65 L. R. A. 147, 52 Pac. 122, but the cited case is not applicable. In that case the motion to set aside default was made before judgment, and under the statutes of California no appeal could be taken from the order overruling such motion. In this case, however, the motion was made after judgment and the order denying the motion is an appealable order. (Rev. Codes, sec. 7098.) If this court should consider a bill of exceptions made on motion to set aside judgment and default on an appeal from the judgment, then such action would to a great extent nullify the

provisions of the statute providing for appeal from orders made after judgment. As appellants had a clear right of appeal from the order denying their motion to set aside default and judgment, it would be improper for this court to consider the matters shown upon such motion when no appeal had been taken from the order.

We are reluctant to refuse to consider matters which appellants have attempted to bring before this court in a *bona fide* effort to present alleged errors for review, but it is not a question of our disposition in the matter, but a question of the power or lack of power of this court. Where the rules of practice are clear and unambiguous, such as exist in regard to the right of appeal from an order vacating judgment and default, we do not feel that this court should step aside from the issues properly presented to save appellants from the results of their action in mistaking their remedy. It is the conclusion of the court upon review of the above-mentioned statutory provisions that, on appeal from the judgment, matters contained in the bill of exceptions cannot be considered.

We therefore are compelled to reverse the order heretofore made and affirm the judgment.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER and HOLLOWAY, concur.

MR. JUSTICE GALEN, deeming himself disqualified, takes no part in this decision.