## STATE EX REL. DECK, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 5,088.)

(Submitted June 6, 1922.   Decided July 3, 1922.)

[207 Pac. 1004.]

*Certiorari—When Writ Does not Lie.*

Certiorari—Remedy by Appeal Defeats Right to Writ.
  1.  Where the remedy by appeal is available, the writ of *certiorari* does not lie, even though such remedy is not speedy or adequate.
Same—Writ not Available to Correct Error Within Jurisdiction.
  2.  The writ of *certiorari* cannot be used for the purpose of correcting error within jurisdiction.
Same—Order Vacating Default Judgment not Reviewable by Writ.
  3.  An order vacating an order setting aside a default judgment is a special order made after final judgment and as such appealable, and therefore the writ of *certiorari* does not lie to review the action of the court in making the order.

Original application for Writ of Review by the State, on the relation of Rupon Deck, against the District Court of the Eighth Judicial District in and for Cascade County and H. H. Ewing, a Judge thereof.   Dismissed.

*Mr. F. A. Ewald,* for Relator, submitted a brief and argued the cause orally.

*Mr. T. F. McCue,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

In this case a writ of review was issued by this court.   It appears that the Stone-Ordean-Wells Company brought an action on January 7, 1921, against the relator, Rupon Deck, in the district court of Cascade county, to collect $206.34 claimed to be due it on open account.   A summons and writ of attachment were thereupon on that date regularly issued, and the summons was served on January 13, 1921.   On February 1, 1921, the plaintiff's attorney filed a *praecipe,* directed to the clerk of the court, requesting the entry of defendant's default

for failure of appearance; his default was thereupon entered, and on the same day judgment in plaintiff's favor was entered for $228.29, together with interest and costs. Execution was issued on the same day, and from the sheriff's return thereon, filed February 21, 1921, it appears that he "levied * * * upon the automobile attached in this case," and sold the same, fully satisfying the judgment. Thereafter, on April 7, 1921, the defendant made and filed a motion to set aside and vacate the judgment on the ground that it was prematurely entered, and asking that he be permitted to file an answer to plaintiff's complaint. Affidavits in support of the motion and counter-affidavits in opposition were made and filed, and on June 8, 1921, the court vacated and set aside the judgment for having been prematurely entered, and permitted the defendant to file his answer. Later, on July 14, 1921, the plaintiff served the defendant and filed a notice of motion to vacate and set aside the order of June 8, 1921, whereby the judgment was set aside and the defendant permitted to answer. Thereafter, by order dated August 23, 1921, the court set aside its order of June 8, 1921.

The decisive question is whether a writ of review is the [1] proper remedy. The writ will not issue when a remedy by appeal exists. This is the mandatory language of the statute (sec. 9837, Rev. Codes 1921), and the settled rule in this court. (*State ex rel. King* v. *District Court*, 24 Mont. 494, 62 Pac. 820; *State ex rel. Prescott* v. *District Court*, 27 Mont. 179, 70 Pac. 516; *State ex rel. Reynolds* v. *Laurendeau*, 27 Mont. 522, 71 Pac. 754; *State ex rel. Davis* v. *District Court*, 29 Mont. 153, 74 Pac. 200; *State ex rel. Grissom* v. *Justice Court*, 31 Mont. 258, 78 Pac. 498; *State ex rel. Gattan* v. *District Court*, 39 Mont. 134, 101 Pac. 961; *State ex rel. Beadle* v. *Smith*, 42 Mont. 492, 113 Pac. 294.)

Where there is an appeal or other plain, speedy and adequate remedy, a writ of review is not proper, and where an appeal is authorized, the fact that it is not speedy or adequate is of no consequence. (*State ex rel. King* v. *District Court, supra; State ex rel. Davis* v. *District Court, supra;*

*State ex rel. Reynolds* v. *Laurendeau, supra.*)    The writ can-
not be used for the purpose of correcting errors com-
mitted within jurisdiction.    (*State ex rel. King* v. *District
Court, supra; State ex rel. Gattan* v. *District Court, supra.*)

In this case the error committed was within jurisdiction,
and the defendant had an adequate remedy by appeal.    As
stated by this court, speaking through Mr. Justice Reynolds,
in the case of *Batehoff* v. *Butte Pac. Cop. Co.,* on rehearing,
60 Mont. 189, 198 Pac. 132: "While under the facts stated
in the opinion it was error to prematurely enter the judgment,
yet such entry was not without jurisdiction, but was error
within jurisdiction.    It was voidable but not void.    (23 Cyc.
745; 12 Cyc. 755; 2 Freeman on Judgments, pars. 532, 542;
*Cook* v. *Mix,* 10 Conn. 565; *Drew* v. *Claypool,* 61 Mich. 233,
28 N. W. 78; *Anheuser-Busch Brewing Assn.* v. *McGowan,* 49
La. Ann. 630, 21 South. 766; *Mitchell* v. *Aten,* 37 Kan. 33,
1 Am. St. Rep. 231, 14 Pac. 497; *People* v. *Dodge,* 104 Cal.
487, 38 Pac. 203; *O'Rear* v. *Lazarus,* 8 Colo. 608, 9 Pac. 621;
*Remnant* v. *Hoffman* (Cal.), 11 Pac. 319; *Gwillim* v. *First
Nat. Bank of Colorado Springs,* 13 .Colo. 278, 22 Pac. 458;
*Ross* v. *Wellman,* 102 Cal. 1, 36 Pac. 402; *Hole* v. *Page,* 20
Wash. 208, 54 Pac. 1123)."

The statute plainly authorizes an appeal "from any special
order made after final judgment."    (Sec. 9732, Rev.
Codes 1921.)    An order setting aside or refusing to vacate
a default judgment is a special order made after final judg-
ment within the meaning of the statute (*Canning* v. *Fried,*
48 Mont. 560, 139 Pac. 448; *Foster* v. *Coyle,* 59 Mont. 444,
197 Pac. 747) ; and the same is true of an order made vacating
an order setting aside a default judgment, as was done in this
case.    Defendant's remedy in each instance was by appeal.

The writ is dismissed.

*Dismissed.*

ASSOCIATE JUSTICES FARR, COOPER and HOLLOWAY and HON-
ORABLE ROY E. AYERS, District Judge, sitting in place of MR.
CHIEF JUSTICE BRANTLY, disqualified, concur.