[L. A. No. 16415. In Bank.—April 24, 1941.]

MARY E. KUHLMAN, Appellant, v. PACIFIC STATES SAVINGS AND LOAN COMPANY (a Corporation) et al., Respondents.

Halverson & Halverson and George Halverson for Appellant.

John L. Mace and Mace & Tuthill for Respondents.

EDMONDS, J.—The appellant brought suit to compel the payment of a judgment which she secured against Fidelity

Savings and Loan Association out of property transferred by it to Pacific States Building and Loan Company. She insists that her complaint states a cause of action, although the superior court sustained the demurrer of the respondent corporations without leave to amend.

According to her allegations, in 1931 she sued Fidelity for damages upon the ground that it had converted to its own use certain personal property claimed by her, and secured the judgment she is now seeking to collect. A short time before her suit was filed and long before judgment, Fidelity "with intent to hinder, delay and defraud its creditors and particularly this plaintiff" entered into an agreement with Pacific States by which it transferred to the latter all of its assets, including the property for which she recovered judgment. The consideration for the transfer of the Fidelity's assets included an agreement by Pacific States to pay certain stated liabilities, not including the amount due to the appellant. As further consideration for the property transferred to it, Pacific States "agreed to pay" certain Definite Term Investment certificates payable in 1936, "and if the same have been issued, they are now in the hands of the Building and Loan Commissioner and not subject to execution."

At the time of entering into this agreement, so the appellant charges, Pacific States had information concerning her demands, and "caused its attorneys to appear on behalf of said defendant Fidelity Savings and Loan Association and defend said action, with full knowledge and notice of all plaintiff's rights." Other allegations are that Fidelity has no assets out of which she can collect her judgment, and that execution against it would be unavailing.

■ The appellant contends that Pacific States cannot take over all of the assets of Fidelity without becoming responsible for its liabilities. But there is no allegation that the consideration was inadequate, and a charge that Fidelity entered into an agreement to defraud its creditors is not an allegation that Pacific States participated in the transaction with this intent. The fact that Pacific States knew of the appellant's claim to certain personal property and assisted in resisting that claim is not a ground for subjecting the property received by it to the judgment thereafter rendered. A conveyance made for a valuable consideration may

not be attacked by the grantor's creditor, even though the transaction was entered into by the debtor with intent to delay or defraud his creditors, unless the grantee so intended or participated in or had knowledge of the fraudulent intent. (*Rossen* v. *Villanueva,* 175 Cal. 632 [166 Pac. 1004]; *Ross* v. *Wellman,* 102 Cal. 1 [36 Pac. 402]; *Cohen* v. *Knox,* 90 Cal. 266 [27 Pac. 215, 13 L. R. A. 711]; *Abbey* v. *Zimmerman,* 12 Cal. App. (2d) 311 [55 Pac. (2d) 903].)

The judgment is affirmed.

Carter, J., Curtis, J., Shenk, J., and Traynor, J., concurred.